IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 24-90448-ARP** |
| **RHODIUM ENCORE LLC, et al.[1]** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | **Jt. Admin.** |
| | § | |

**OBJECTION OF VALLEY ENCORE CREDITORS TO FINAL APPROVAL OF
DEBTORS' PROPOSED DIP FINANCING AND USE OF CASH COLLATERAL**
**[Relates to ECF Nos. 37 and 38]**

The Valley Encore Creditors,[2] by and through their undersigned counsel, hereby submit this objection (the "Objection") to the approval on a final basis of both the (x) *Emergency Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing The Debtors' Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed on August 29, 2024 [ECF No. 37] (the "Cash Collateral Motion"), and (y) *Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain*

---

[1] The Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of the Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

[2] The "Valley Encore Creditors" are: Valley High LP; Nina Claire Fairbairn Revocable Trust; Transcend Partners Legend Fund LLC; GR Fairbairn Family Trust; NCF Eagle Trust; NC Fairbairn Family Trust; GRF Tiger Trust; and Grant Fairbairn Revocable Trust.

*Postpetition Financing, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief,* filed on August 29, 2024 [ECF No. 38] (the "DIP Motion"), and in support thereof, respectively state as follows:

## SUMMARY

1.     The Valley Encore Creditors are secured creditors of debtor Rhodium Encore LLC ("Encore") based on money loaned and are owed a principal balance of $17.5 million with respect to those loans.  The DIP and Cash Collateral Motions work in tandem to prime the Valley Encore Creditors' liens without satisfaction of the Bankruptcy Code requirements for priming.  The priming lien does not arise from the DIP Loan itself.  Rather, the priming lien arises from the proposed "carveout."  If the carveout is senior to the liens of the Valley Encore Creditors, the carveout is priming the Valley Encore Creditors.  The Interim Cash Collateral Order (83 ¶4a)[3] and the Interim DIP Order (84 ¶20a) both provide that the carveout is senior to the Valley Encore Creditors' liens on its collateral at Encore as well as the adequate protection liens proposed for the Valley Encore Creditors.

2.     There is no authority under the Bankruptcy Code to permit a carveout to prime prepetition liens absent consent.  Indeed, a carve out requires both an order of the Court and the consent of the affected secured creditor.  *In re California Webbing Indus., Inc.*, 370 B.R. 480, 486 (Bankr. D.R.I. 2007) (citing *In re White Gove, Inc.*, 1998 WL 731611, *6 (Bankr. E.D. Pa. Oct. 14, 1998) (essential to a carve out is "the agreement between the secured party and the beneficiary of the carve out"); *Harvis Trien & Beck, P.C. v. Federal Home Loan*

---

[3] References to (83 ¶#) are to the Interim Cash Collateral Order [ECF No. 83], and references to (84 ¶#) are to the Interim DIP Order [ECF # 84].

US2008 30446382 4

*Mortgage Assoc. (In re Blackwood Assoc.)*, 153 F.3d 61, 68 (2d Cir. 1998) ("a secured creditor's collateral may only be diminished to the extent that the secured creditor waives its right to the protections afforded by the Code"); and *In re Trim–X Inc.*, 695 F.2d 296, 301 (7th Cir. 1982) (the estate, and not the secured creditor, bears the cost of the administrative expenses of the estate)).

3.      A non-consensual carveout would amount to an advance *de facto* surcharge under section 506(c) of the Bankruptcy Code without first satisfying the requirements for surcharge.  The Valley Encore Creditors do not consent to the carveout priming either their pre-petition liens or their post-petition adequate protection liens.  If with respect to the Valley Encore Creditors the carveout is senior only to their adequate protection liens, the Debtors have failed to demonstrate how those subordinate adequate protection liens amount to adequate protection.

4.      The Cash Collateral Motion is problematic in other ways.  The proposed adequate protection liens are vague and ambiguous as to what they attach to, as Debtors with assets subject to prior liens appear to be excluded from the adequate protection liens (except for one Debtor), and the adequate protection liens don't specify that the liens attach to any proceeds and products thereof (83 ¶4a).  The Cash Collateral Motion provides that the DIP Order will control the over the Cash Collateral Order, making the provisions of the Cash Collateral Order illusory (83 ¶3b).  In that regard, the Interim DIP Order seeks to eliminate rights provided to the Valley Encore Creditors under sections 363(e) (request adequate protection "at any time") and 507(b) (provides a superpriority administrative claim for failure of adequate protection) of the Bankruptcy Code by providing that the only adequate protection that can be provided to the Valley Encore Creditors are "junior and subordinate

liens" (84 ¶32).   The Cash Collateral Order provides adequate protection liens but then prevents the enforcement of those liens (83 ¶4b).   The provisions in the Interim Cash Collateral Order regarding the Approved Budget, reporting and inspection rights should match those provisions that are in the DIP Order (the terms of 83 ¶3a should be replaced with the terms of 84 ¶2(d) and 9, and the terms of 83 ¶5 should be replaced with terms of 84 ¶17).

5.      The DIP Motion has infirmities as well.  As noted above, the DIP Loan itself does not seek to prime the liens of the Valley Encore Creditors with respect to their liens at the Encore debtor. Rather the DIP Loan seeks a second position lien behind the liens of the Valley Encore Creditors at Encore.  Despite being in second position at Encore, the Interim DIP Order provides that following a default the DIP Lender can dispose of the Encore collateral without first paying off the senior liens of the Valley Encore Creditors (84 ¶18(c)(ii)).   The DIP Lender, in second position on the Encore collateral, should not be permitted to dispose of the Encore collateral without first satisfying the senior liens in full, or disposition of the Encore collateral should be subject to further order of the Court.

6.      The Interim DIP Order provides that the DIP Lender can credit bid on the Encore collateral, despite being in second position on the Encore collateral (84 ¶ 24).  Any credit bid of a second position lien should provide for the payment in full of the first position lien, or such credit bidding should be subject to further order of the Court and all rights under 11 U.S.C. § 363(k) should be preserved.   The provisions of any final DIP Order should control over the Interim DIP Order (84 ¶27(d)).   The Valley Encore Creditors should receive the same reporting and have the same access rights as the DIP Lender (84 ¶¶2(d), 9 and 17).

7.      For the reasons set forth herein, the Court should condition final approval of the  DIP and Cash Collateral Motions on satisfaction of the issues raised herein.

8.      The Valley Encore Creditors are working with the Debtors and the DIP Lender to resolve the issues raised herein, but a complete resolution has not been reached as of the filing of this Objection.

## VALLEY ENCORE CREDITORS

9.      The Valley Encore Creditors are secured creditors of Encore based on loans (the "Valley Loans") made to Encore in February 2021 that have a current outstanding principal balance of $17.5 million.  The Valley Loans are secured by the assets of Encore. *See* Declaration of David Dunn, ECF No. 35 at ¶¶ 51 and 72.  The Valley Loans matured on August 30, 2024.

10.      Including the Valley Loans, there is a total of approximately $22.155 million in principal amount of outstanding loans secured by the assets of Encore.

## OBJECTION AND ARGUMENT

11.      To use a secured creditor's collateral including cash collateral, a debtor must provide the secured creditor "adequate protection" of its interests in such collateral. 11 U.S.C. § 363(a), (b), and (e). The debtor has the burden of proof on demonstrating such adequate protection.  11 U.S.C. § 363(p)(1).  Despite this burden, the Debtors have failed to demonstrate that the Valley Encore Creditors are adequately protected with respect to the use of their cash collateral, the diminution in the value of their collateral resulting from, among other things, the use, sale, or lease of any of the collateral, the imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code, and any other reason for which adequate protection may be granted to the Valley Encore Creditors under the Bankruptcy Code.

US2008 30446382 4

12.     The following chart identifies issues with the Interim Cash Collateral Order [ECF No. 83] by paragraph number in the Interim Cash Collateral Order along with the proposed resolution for that issue:

| CASH COLLATERAL ISSUES | | | |
|---|---|---|---|
| ¶ | Provision | Issue | Proposed Resolution |
| 3a | Cash Collateral use subject to Approved Budget governed by DIP Order | Order fails to require notice of budget changes and DIP Loan changes to be provided to Valley Encore Creditors | Replace language in 83 ¶ 3a with language from 84 ¶2d and 9 |
| 3b | DIP Order controls over Cash Collateral Order | The Valley Encore Creditors are not party to the DIP Order | Final Cash Collateral Order should stand on its own and not be controlled by the DIP Order |
| 4a | Adequate protection Liens | 1. Interim Order is not clear as to which debtor entities the adequate protection liens apply to as except for one Debtor, Debtors with prior liens are excluded from adequate protection liens<br><br>2. Adequate protection liens do not extend to proceeds and products of collateral subject to adequate protection liens | 1. Final order should clarify the priority of the adequate protection liens as to each Debtor entity, and demonstrate that there is sufficient value in such liens to provide adequate protection<br><br>2. Adequate protection liens should extend to proceeds and products of collateral subject to adequate protection liens |
| 4a | Carveout | Carveout seeks to prime Valley Encore Creditors' liens without consent | Carveout should be subordinate to Valley Encore Creditors' prepetition liens and postposition adequate protection liens |
| 4a | DIP Order limits adequate protection to only liens [84 ¶32] | 363(e) provides adequate protection can be requested "at any time"; 507(b) provides for superpriority administrative claim for failure of adequate protection | Final Cash Collateral Order should make clear that no adequate protection rights are waived or abridged |
| 4b | Limitation on enforcement of adequate protection liens | The Cash Collateral Order should not predetermine the realization of adequate protection liens | Enforcement of adequate protection liens should be subject to further order of court |

6

| CASH COLLATERAL ISSUES | | | |
|---|---|---|---|
| ¶ | Provision | Issue | Proposed Resolution |
| 5 | Access to inspect collateral and records | Insufficient reporting to Valley Encore Creditors | Replace language in 83 ¶ 5 with language from 84 ¶17 |

13.     The following chart identifies issues with the Interim DIP Order [ECF No. 84] by paragraph number in the Interim DIP Order along with the proposed resolution for that issue:

| DIP LOAN ISSUES | | | |
|---|---|---|---|
| ¶ | Provision | Issue | Proposed Resolution |
| 2(d) | Notice of DIP amendments, budget changes and Material DIP amendments | Not provided to Valley Encore Creditors | Incorporate language into Cash Collateral Order and provide same notice to Valley Encore Creditors |
| 17 | Reporting | Not provided to Valley Encore Creditors | Incorporate language into Cash Collateral Order and provide same reporting to Valley Encore Creditors |
| 18(c)(ii) | Allows disposition by DIP Lender of Encore collateral without consent of Valley Encore Creditors | Valley Encore Creditors have first lien on Encore collateral | DIP is in second position on the Encore collateral. A junior creditor should not control the disposition of a senior creditor's collateral. Any disposition of the Encore collateral by DIP Lender should require payment in full of first lien, or disposition should be subject to further order of the Court |
| 20(a) | Carveout | Carveout seeks to prime Valley Encore Creditors' liens without consent | Carveout should be subordinate to Valley Encore Creditors' prepetition liens and postposition adequate protection liens |

| DIP LOAN ISSUES | | | |
|---|---|---|---|
| ¶ | **Provision** | **Issue** | **Proposed Resolution** |
| 24 | Allows DIP Lender to credit bid on Valley Encore Collateral | Valley Encore Creditors have first lien on Encore collateral, DIP Lender has second lien.  Provision does not explain how first lien will be treated if DIP Lender credit bids on Encore collateral | Any credit bid by DIP Lender on the Encore collateral should pay first liens in full in cash, or credit bid on Encore collateral should be subject to further order of the Court and all rights under 11 U.S.C. § 363(k) should be preserved. |
| 27(d) | Which order controls | Does not mention final DIP Order | Any final DIP Order should control over Interim DIP Order |
| 32 | Limits Valley Encore Creditors' adequate protection to liens only | 363(e) provides adequate protection can be requested "at any time"; 507(b) provides for superpriority administrative claim for failure of adequate protection | Paragraph should be deleted.  DIP Order should not control or limit what is appropriate adequate protection, given circumstances can change through the bankruptcy case requiring modifications adequate protection |

## **CONCLUSION**

14.     For the reasons set forth above, the Valley Encore Creditors submit that any final orders authoring financing or use cash collateral should be conditioned on satisfaction of the issues raised herein.

Dated:  September 17, 2024          By:  *Paul M. Rosenblatt*
       Atlanta, GA                    **KILPATRICK TOWNSEND & STOCKTON LLP**
                                   Paul M. Rosenblatt, Esq.
                                   1100 Peachtree Street NE, Suite 2800
                                   Atlanta, GA 30309-4528
                                   -and-
                                   700 Louisiana Street
                                   Suite 4300
                                   Houston, TX USA 77002
                                   Telephone: (404) 815-6321
                                   Facsimile: (404) 541-3373
                                   Email:  prosenblatt@kilpatricktownsend.com

                                   *Counsel to:*
                                   *Valley High LP*

US2008 30446382 4

*Nina Claire Fairbairn Revocable Trust*
*Transcend Partners Legend Fund LLC*
*GR Fairbairn Family Trust*
*NCF Eagle Trust*
*NC Fairbairn Family Trust*
*GRF Tiger Trust*
*Grant Fairbairn Revocable Trust*

US2008 30446382 4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of September, 2024, a true and correct copy of the foregoing was served by electronic transmission upon all parties eligible to receive service through this Court's CM/ECF system.

<i>/s/ Paul M. Rosenblatt</i>
Paul M. Rosenblatt