**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**DEBTORS' REPLY TO THE OBJECTION OF VALLEY ENCORE CREDITORS**
**TO FINAL APPROVAL OF DEBTORS' PROPOSED**
<u>**DIP FINANCING AND USE OF CASH COLLATERAL**</u>
**(Related to ECF Nos. 37, 38, 148)**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

submit this reply ("Reply") to the *Objection of Valley Encore Creditors to Final Approval of the*

*Debtors' Proposed DIP Financing and Use of Cash Collateral* ("Objection" and "Valley Encore

Creditors").

1.      The Valley Encore Creditors object to a number of provisions in the proposed cash

collateral[2] and debtor-in-possession financing orders.  Those objections all lack merit, or are moot,

as discussed below.

2.      Before addressing their specific objections, the Debtors note that the Valley Encore

Creditors do not: (i) object to the need for debtor-in-possession financing; (ii) object to the need

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511).  The mailing and service address of the Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

[2]     The Valley Secured Creditors do not have a perfected lien on cash at Rhodium Encore due to not having a deposit account control agreement.  Moreover, the Valley Secured Creditors do not have a perfected lien on cryptocurrencies because they do not hold the private keys to those cryptocurrencies. *See* Del. Code Ann. tit. 6, §§ 9-203(b), A-303.  The Debtors will file an adversary proceeding shortly to avoid these unperfected liens.

to use cash collateral; (iii) dispute that the Debtors have met all the requirements of Bankruptcy Code sections 363 and 364; and (iv) take issue with the adequate protection being offered.

3.      Here, the comprehensive cash collateral adequate protection package provides the Valley Encore Creditors with adequate replacement liens on unencumbered collateral from Debtor entities that are not subject to the Valley Encore Creditors' liens.  This package provides the Valley Encore Creditors with more adequate protection than their current lien rights could provide them in any non-bankruptcy scenario.   On top of granting adequate protection liens against debtors not currently within their prepetition collateral package, the Debtors negotiated debtor-in-possession financing that does not prime any pre-petition lender.  The Valley Encore Creditors' interests are more than adequately protected.

4.      Unable to dispute the practical merits of either motion, and unwilling to consensually resolve their issues, the Valley Encore Creditors filed an unnecessary objection listing 14 issues with provisions of the orders, all of which lack merit or evidentiary support.

5.      The Valley Encore Creditors' primary objection is that they do not want to be subject to the carveout.  Debtors and secured creditors often agree to use cash collateral to pay professionals via a "carveout," *see In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 694 n.6 (Bankr. S.D. Tex. 2009), where the secured creditor generally agrees to the carveout in exchange for waivers of the section 506(c) surcharge or section 552(b) equities of the case (as the Debtors have done with every other secured creditor that has come forward).  2024.08.30 H'rg Tr. at 56:24-57:3, 57:10-14 ("I tend to agree with Mr. Trust that if you give up the surcharge, that you really have to have a carveout.  And I don't think it makes a lot of sense for, you know, the person providing the new money being subject to the carveout and no one else being subject to it. … But it does seem to me that if you're going to waive a surcharge, if you're going to waive any equities of the case,

if you're going to do all of those kinds of things, then once you get it, what has to happen in return is to have a - is to have a carveout."). A carveout fits the equities of these cases, particularly for secured creditors at Encore. The administrative expenses at Encore, including the costs of the Whinstone litigation, will benefit the any collateral held by the Valley Encore Creditors because Rhodium Encore owns contract rights against Whinstone under the relevant hosting agreements. To state the obvious, Encore's most valuable asset cannot be realized without the expenditure of professional fees. The Valley Encore Creditors receive the first benefit of that expenditure. Yet, the Valley Encore Creditors refuse to bear the costs of those expenditures.

6.      In any event, even if there is no carveout, the Debtors can still use cash collateral to pay administrative expenses, so long as they provide adequate protection of the Valley Encore Creditors' interests. *Las Torres*, 413 B.R. at 694, 698 (authorizing the debtors to use cash collateral to pay the administrative expenses where there was no carveout agreement); *In re Proalert, LLC*, 314 B.R. 436, 444 (B.A.P. 9th Cir. 2004) (holding that debtors do not need to meet the requirements of surcharge under section 506(c) to use cash collateral to pay administrative expenses under section 363(c)); *In re Chatham Parkway Self Storage, LLC*, 2013 WL 1898058, at *3-4 (Bankr. S.D. Ga. Apr. 25, 2013) (same). The Valley Encore Creditors have not disputed the need to use cash collateral, nor have they taken issue with the adequate protection package offered. It follows that the Debtors can use cash collateral to pay Encore's administrative expenses.

7.      The Valley Encore Creditors' remaining amorphous and aspirational objections lack detail or any redline comparison to the existing language in the respective orders. To the extent that they remain extant, the Debtors address them in the chart below:

| Relevant Order | Valley Encore Creditors' Argument | Response |
|---|---|---|
| Cash Collateral | Order fails to require notice of budget changes and DIP Loan changes to be provided to Valley | Paragraph 6(a) of the proposed Final Cash Collateral Order provides |

| Relevant Order | Valley Encore Creditors' Argument | Response |
|---|---|---|
| ¶ 3a | Encore Creditors | reporting requirements similar to those in the Final DIP Order. |
| Cash Collateral ¶ 3b | Final Cash Collateral Order should stand on its own and not be controlled by the DIP Order | The Debtors have agreed with the DIP Lenders that the Final DIP Order must control, as it does with all of the relief that the Debtors have so far requested. But the Debtors are willing to seek resolution of any remaining issues that the Valley Encore Creditors have with the Final DIP Order. Upon resolution of those issues, there is no reason to amend this language in the Final Cash Collateral Order. |
| Cash Collateral ¶ 4a | 1. Interim Order is not clear as to which debtor entities the adequate protection liens apply to as except for one Debtor, Debtors with prior liens are excluded from adequate protection liens

2. Adequate protection liens do not extend to proceeds and products of collateral subject to adequate protection liens | 1. The Final Cash Collateral Order is clear that the adequate protection liens apply to property of all of the Debtors except Rhodium Renewables LLC and avoidance actions.

2. The adequate protection liens extend to "all property of the Debtors," including proceeds and property acquired after the Petition Date. |
| Cash Collateral ¶ 4a | Carveout seeks to prime Valley Encore Creditors' liens without consent | Addressed above. |
| Cash Collateral ¶ 4a | Final Cash Collateral Order should make clear that no adequate protection rights are waived or abridged | The Debtors do not understand this objection. The Cash Collateral Order provides adequate protection, and the Valley Encore Creditors have not sought additional adequate protection beyond what the Debtors have offered. |
| Cash Collateral ¶ 4b | Enforcement of adequate protection liens should be subject to further order of court | The Debtors requested that the DIP Lenders agree to permit the secured lenders to have adequate protection liens that are junior to the liens securing the DIP Obligations. The DIP Lenders agreed so long as those liens were silent, junior liens. It would be highly unusual to permit the holder of an adequate protection lien to exercise remedies against collateral where there is a senior DIP lien as would be the case here. The Prepetition Secured Parties are not |

4

| Relevant Order | Valley Encore Creditors' Argument | Response |
|---|---|---|
| | | prohibited from seeking relief to exercise remedies against the Prepetition Collateral. |
| Cash Collateral ¶ 5 | Insufficient reporting to Valley Encore Creditors | Paragraph 6(a) of the proposed Final Cash Collateral Order provides reporting requirements similar to those in the Final DIP Order. |
| DIP Order ¶ 2(d) | Notice of DIP amendments, budget changes, and material DIP amendments not provided to Valley Encore Creditors | The Valley Encore Creditors' objection to the DIP Order is contrary to their argument that the Cash Collateral Order should "stand on its own." In any event, paragraph 6(a) of the proposed Final Cash Collateral Order provides reporting requirements similar to those in the Final DIP Order. |
| DIP Order ¶ 17 | Reporting not provided to Valley Encore Creditors | The Valley Encore Creditors' objection to the DIP Order is contrary to their argument that the Cash Collateral Order should "stand on its own." In any event, paragraph 6(a) of the proposed Final Cash Collateral Order provides reporting requirements similar to those in the Final DIP Order. |
| DIP Order ¶ 18(c)(ii) | Allows disposition by DIP Lender of Encore collateral without consent of Valley Encore Creditors | The DIP Order at paragraph 18(c) requires the DIP Agent to file a motion with the Court, and the Valley Encore Creditors' will have an opportunity to object. |
| DIP Order ¶ 20(a) | Carveout seeks to prime Valley Encore Creditors' liens without consent | Addressed above. |
| DIP Order ¶ 24 | Valley Encore Creditors have first lien on Encore collateral, DIP Lender has second lien. Provision does not explain how first lien will be treated if DIP Lender credit bids on Encore collateral. | Paragraph 24 of the DIP Order preserves the right of the DIP Agent to credit bid the DIP obligations. It does not abridge any of the Valley Encore Creditors' statutory protections. If there is a sale of Encore collateral, the Valley Encore Creditors will have the opportunity to object to any such sale. |
| DIP Order ¶ 27(d) | Any final DIP Order should control over Interim DIP Order | Addressed in the Proposed Final DIP Order. |
| DIP Order ¶ 32 | Paragraph should be deleted. DIP Order should not control or limit what is appropriate adequate protection, given circumstances can change through the bankruptcy case requiring | The Valley Encore Creditors have not objected to the adequate protection the Debtors have offered. Moreover, the Debtors are required to use cash |

| Relevant Order | Valley Encore Creditors' Argument | Response |
|---|---|---|
| | modifications adequate protection | collateral in accordance with the Approved Budget, Cash Collateral Order ¶ 3, the current proposed use of Cash Collateral only runs through the Approved Budget period, *id.*, and to the extent that there are material changes in circumstances, there are reporting mechanisms and reservations of rights built into both the Cash Collateral and DIP Orders, Cash Collateral Order ¶¶ 6, 14, DIP Order ¶¶ 11, 17. |

## CONCLUSION

8.      The Debtors respectfully request that the Court overrule the Objection and grant the Cash Collateral and DIP Financing Motions on a final basis.

Respectfully submitted this 20th day of September, 2024.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/  Patricia B. Tomasco*
Patricia B. Tomasco (SBN 01797600)
Joanna D. Caytas (SBN 24127230)
Cameron Kelly (SBN 24120936)
Alain Jaquet (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com
Email: cameronkelly@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com

- and -

Eric Winston (*pro hac vice*)
Razmig Izakelian (*pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: ericwinston@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com

*Proposed Counsel to the Debtors and*
*Debtors-In-Possession*

**<u>Certificate of Service</u>**

  I, Patricia B. Tomasco, hereby certify that on the 20th day of September, 2024, a copy of the foregoing Reply was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*     
Patricia B. Tomasco
