### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>RHODIUM ENCORE, LLC, et al.,[1]<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 24-90448 (ARP)<br><br>Jointly Administered |

### CHASE BLACKMON, CAMERON BLACKMON, NATHAN NICHOLS AND NICHOLAS CERASUOLO'S MOTION FOR AN ORDER (A) MODIFYING THE AUTOMATIC STAY TO ALLOW THE ADVANCEMENT OF DEFENSE COSTS UNDER THE DEBTORS' D&O INSURANCE AND (B) GRANTING RELATED RELIEF

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON AUGUST 28, 2025 AT 11:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TX 77002.

Chase Blackmon, Cameron Blackmon, Nathan Nichols and Nicholas Cerasuolo (together, the "Founders"), hereby file this motion (the "Motion"), for the entry of an order, substantially in the form of the proposed order attached hereto (the "Proposed Order"), (a) modifying the automatic stay to allow the Founders to request and the insurers (the "Insurers") under the Debtors' directors

---

[1] The debtors and debtors-in-possession in these chapter 11 cases (the "Debtors") and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of the Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

and officers insurance policies (the "D&O Policies") to pay or advance covered defense costs on behalf of the Founders and (b) granting related relief. In support of this Motion, the Founders respectfully state as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      The bases for relief are sections 105, 362(d), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Local Rule 4001-1.

3.      Pursuant to Bankruptcy Local Rule 9013-1(f), the Founders consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      The Founders each serve or served on the management team of Rhodium Enterprises, Inc. ("REI"). Chase Blackmon is a director and the chief executive officer. Cameron Blackmon is a director, the president, and the chief technology officer. Nathan Nichols was formerly a director, the chairman of the board, and the chief executive officer. Nicholas Cerasuolo was formerly a director and the chief financial officer.

5.      Under REI's bylaws and separate agreements, each of the Founders is entitled to indemnification and advancement of defense costs for any claim brought against them for actions taken as an officer or director of REI. These provisions are contained in Article VII of the REI bylaws and separate documents.

6.     The Debtors maintained standard D&O insurance in connection with these indemnification obligations. The Allied World Insurance Company policy is the primary coverage with the other policies providing excess coverage on a "follow form" basis as follows:

- Layer 1—Allied World Insurance Company (primary $5,000,000);

- Layer 2—AXA XL Insurance (first excess $5,000,000);

- Layer 3—Endurance American Insurance Co. (second excess $5,000,000); and

- Layer 4—QBE Insurance Corporation (third excess $5,000,000).

Copies of the relevant policies are attached hereto as **Exhibits A – D**.

7.     The Founders are "Insured Persons" under these policies and therefore entitled to coverage of, among other things, "Defense Costs," including "reasonable fees, costs or expenses incurred by an Insured resulting from the investigation, defense or appeal of a claim." (Exhibit A at pp. 29-30).[2] The D&O Policies further contain provisions governing the order of payments which require payment for losses by "Insured Persons" that are not indemnified by REI to come before any other loss covered under the policies. (Exhibit A at pp. 44-45).[3]

---

[2] The page numbers refer to the Bates number in the bottom right corner of the exhibit. These should be the same as the ECF page number.

[3] None of the Debtors are "Insured Persons" under the D&O Policies. The term is defined as:

(1) any past, present or future duly elected or appointed director, officer, trustee or governor of the Company, any management committee member of a joint venture, and any member of the management bard of a limited liability company, or any other person in a functionally equivalent or comparable position;

(2) any "de facto" director or shadow director of the Company;

(3) an any past, present or future in-house general counsel, risk manager, controller, director of investor relations or director of human resources of the Company or any other person in a functionally equivalent or comparable position;

(4) any person described in (1), (2) or (3) above while serving at the specific request or direction of the Company in any position functionally equivalent to those described above for an Outside Entity; or

(5) any other employee of the Company not described in (1), (2) or (3) above, but solely with respect to: (i) a Securities Claim; or (ii) any other Claim while such other Claim is brought and maintained against both such other employee and an Insured Person described in (1), (2) or (3) above.

(Ex. A at pp. 30-31). Instead, the Debtors fall under the term "Insureds" that do not have priority under the order of payments.

8.     Over the course of these chapter 11 cases, the Founders have incurred substantial

defense costs that they believe are covered under the D&O Policies. Among other things:

- Whinstone US Inc. brought suit against the Founders in the litigation removed and transferred to this Court as Adversary Proceeding No. 24-03240 alleging claims for the Founders' actions as officers and directors of REI;

- 345 Partners SPV2 LLC and related parties brought suit against the Founders in the litigation removed and transferred to this Court as Adversary Proceeding No. 25-03413 alleging claims for the Founders' actions as officers and directors of REI;

- The Special Committee of the Rhodium Enterprises, Inc. Board of Directors (the "Special Committee") has investigated the actions and made demands of the Founders for asserted breaches of fiduciary duties as officers and directors of REI;

- The Ad Hoc Group of SAFE Holders and Official Committee of Unsecured Creditors has sought information related to potential claims for asserted breaches of fiduciary duties as officers and directors of REI;

- In connection with the asserted claims, the Founders entered into substantial negotiations with the Special Committee to resolve the existing claims, including two (2) mediations.

The Founders believe that the costs and expenses related to these matters are covered under the

D&O Policies and have not been indemnified by the Debtors. Indeed, the Debtors have refused to

provide indemnification or advance costs, asserting that such amounts reflect prepetition claims

that cannot be paid postpetition.

## **RELIEF REQUESTED**

9.     The Founders request that the Court enter an order, substantially in the form of the

Proposed Order, (a) modifying the automatic stay to allow the Founders to request and the Insurers

to pay/advance covered defense costs under the D&O Policies and (b) granting related relief. The

related relief includes a waiver of the fourteen-day stay under Bankruptcy Rule 4001(a)(4). The

Founders do not seek any determination regarding what rights they have under such D&O Policies

or to the proceeds thereof.

## BASIS FOR RELIEF REQUESTED

10.     The Court should enter the Proposed Order authorizing the Founders to request and the Insurers to pay those defense costs that are covered under the D&O Policies. The proceeds from the D&O Policies (the "Insurance Proceeds") may not be property of the Debtors' estates because of the order of payment provisions establishing priority of payment to Insured Persons. The losses incurred by the Founders and other "Insured Persons" must be paid before the proceeds may be used for other insureds, including the Debtors. Further, even if the automatic stay applies to the Insurance Proceeds under the circumstances present here, there is ample "cause" to modify the stay to the Insurers to advance or pay defense costs pursuant to the D&O Policies. In either case, the Proposed Order should be entered.

**A.     Relief from the automatic stay may not be necessary as the Insurance Proceeds may not be property of the Debtors' estates.**

11.     Despite the broad definition of "property of the estate" contained in section 541(a) of the Bankruptcy Code, proceeds of liability insurance policies do not necessarily belong to the estate merely because the underlying insurance policies are themselves estate property. *See La. World Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition, Inc.)*, 832 F.2d 1391, 1399 (5th Cir. 1987). The Fifth Circuit has consistently held that, "when a debtor corporation owns a liability policy that *exclusively* covers its directors and officers, . . . the proceeds of that D&O policy are *not* part of the debtor's bankruptcy estate when the debtor corporation owns a liability policy that exclusively covers its directors and officers." *Homsy v. Floyd (In re Vitek, Inc.)*, 51 F.3d 530, 535 (5th Cir. 1995) (emphasis in original) (citing *La. World Exposition*). "W]hen the Debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth*, 993 F.2d 51, 55–56 (5th Cir. 1993).

12.     Building on these concepts, courts have concluded that when a D&O insurance policy provides payment priority to the directors and officers, the proceeds are not part of the bankruptcy estate. *See In re Downey Fin. Corp.*, 428 B.R. 595, 605–06 (Bankr. D. Del. 2010) (concluding that insurance proceeds were not part of a bankruptcy estate even though the applicable policy contained entity coverage because the insured persons had payment priority and the debtor was not entitled to any of the proceeds); *MF Glob. Holdings*, 515 B.R. 193, 203 (Bank. S.D.N.Y.) (finding that proceeds of a D&O insurance policy were not property of the bankruptcy estate because the insured officers and directors had payment priority under the terms of the policy and the debtor had not actually indemnified the directors and officers to trigger the indemnification coverage).

13.     In light of the priority of payment contained in the D&O Policies, the Debtors do not have any cognizable right to the policies until after the Founders' losses have been satisfied according to such policies. Consequently, it is likely that the Insurance Proceeds the Founders seek to access are not property of the Debtors' estates and stay relief is not strictly necessary to allow the Founders access to the Insurance Proceeds. Nevertheless, the Proposed Order, modifying the automatic stay to allow the use of the Insurance Proceeds is necessary and appropriate to address the uncertainty present and therefore authorized under Bankruptcy Code § 105(a).

**B.      Even if the Insurance Proceeds are property of the Debtors' estates, cause exists to modify the automatic stay with respect thereto.**

14.     Section 362(d) of the Bankruptcy Code allows for the modification of the automatic stay and states in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d). Once the party seeking relief from the automatic stay makes an initial showing of "cause," the burden on all other issues, including retaining the automatic stay in place, is on the debtor. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017).

15.     "Cause" is not defined in the Bankruptcy Code and courts have flexibility in evaluating the particular facts presented. *See, e.g.*, *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006). In the context of determining whether to allow the advancement of defense costs to directors and officers under relevant D&O Insurance, bankruptcy courts often weigh the respective harms to the insured parties and the bankruptcy estate. *See, e.g.*, *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 545 (B.A.P. 9th Cir. 2010) ("[T]he bankruptcy court performed the proper analysis under section 362(d)(1) by weighing the parties' respective harms and concluding that [the director] showed requisite cause to modify the stay."); *In re Hoku Corp.*, 2014 Bankr. LEXIS 1167, 2014 WL 1246884, at *10-12 (Bankr. D. Idaho 2014) ("In cases involving D & O policy proceeds, the bankruptcy court should balance the harm to the debtor if the stay is modified with the harm to the directors and officers if they are prevented from executing their rights to defense costs . . . .").

16.     Courts have recognized that the failure to lift the automatic stay to permit an insured director or officer to access insurance proceeds for defense costs could substantially harm the insureds. *See, e.g.*, *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 514 (D. Del. 2004) ("Without funding, the Individual Defendants will be prevented from conducting a meaningful defense . . . and may suffer substantial and irreparable harm."); *In re Beach First Nat'l Bancshares, Inc.*, 451

B.R. 406, 411 (Bankr. D.S.C. 2011) (finding cause to lift automatic stay to allow insured persons to access policy proceeds even though debtor was covered by same policy). The potential harm constitutes sufficient "cause" to lift or modify the automatic stay. *See, e.g.*, *In re MF Glob. Holdings, Ltd.*, 469 B.R. 177, 193 (Bankr. S.D.N.Y. 2012) (lifting the automatic stay to permit insurer to advance defense costs to debtors' current and former directors, officers, and employees because of the irreparable harm such directors, officers, and employees would suffer from paying their defense costs out-of-pocket); *In re CyberMedica, Inc.*, 280 B.R. 12, 17–18 (Bankr. D. Mass. 2002) (lifting the automatic stay to permit directors and officers to access defense payments because directors and officers would suffer irreparable harm if prevented from exercising their rights to defense payments under the applicable insurance policy); *see also Laminate Kingdom*, 2008 WL 1766637, at *4 (finding that the proceeds were not estate property but noting that, in the alternative, "numerous courts have granted relief from the automatic stay to permit the advancement of defense costs to a debtor's directors and officers—even though the insurance policies also provided direct coverage to debtor.").

17.     The circumstances are no different here. The Founders will suffer significant harm if they are unable to access the Insurance Proceeds for defense costs that they believe are covered pursuant to the relevant D&O Policies. They would be required to pay out of pocket despite having available insurance for which they bargained, which would make presenting a meaningful defense difficult. This would undoubtedly cause hardship to the Founders and would potentially lead to irreparable harm.

18.     In contrast, the Debtors and their estates would not face any meaningful harm from the Founders accessing the Insurance Proceeds to fund their defense costs. As described above, the losses of the Founders as "Insured Persons" under the D&O Policies must be satisfied prior to any

Insurance Proceeds going to the Debtors or their estates. Further, the Debtors have not incurred any losses for indemnification that would be covered by the D&O Policies and any future losses that might be covered but left unsatisfied from proceeds are unlikely.[4] Indeed, defense costs advanced by the Insurers would be the amounts that the Debtors would otherwise be required to indemnify, thereby corresponding to a reduction or elimination of the indemnification claims the Founders' have asserted against the Debtors' estates. The Debtors would also need to cover their applicable retention prior to receiving proceeds under the D&O Policies. Certainly, any potential harm the Debtors or their estates may face is lower in likelihood and magnitude than the potential harm faced by the Founders.

19.     Courts have granted similar relief in other chapter 11 cases in this district. *See, e.g.*, *In re Steward Health Care System LLC, et al.*, Case No. 24-90213 (CML) (Bankr. S.D. Tex. Feb. 3, 2025) [Dkt. No. 3887]; *In re Core Scientific, Inc.*, No. 22- 90341 (DRJ) [Dkt. No. 900] (Bankr. S.D. Tex. May 18, 2023); *In re CBL & Associates Properties, Inc.*, No. 20- 35226 (DRJ) (Bankr. S.D. Tex. Dec. 21, 2020) [Dkt. No. 345]. The Court should grant that relief here.

**C.     Waiver of the stay under Bankruptcy Rule 4001(a)(4) is appropriate absent an objecting party asserting a desire to appeal and seek a stay pending appeal.**

20.     Bankruptcy Rule 4001(a)(4) provides for a fourteen-day stay of orders granting a motion for relief from the automatic stay "unless the court orders otherwise[.]"[5] Although the Rule is silent as to the circumstances in which courts should order otherwise, the purpose of the Rule is to provide a party affected by the order time to request a stay pending appeal before the order is implemented.  *See* Fed. R. Bankr. P. 4001 Advisory Committee's Note (1999 Amendment).

---

[4] The Debtors have, subject to Court approval, reached an agreement in principle with the Insurers regarding the Insurance Proceeds. The relief requested in this Motion is not inconsistent with that settlement.

[5] The relevant provision was previously contained in Bankruptcy Rule 4001(a)(3) prior to the 2024 amendment as part of the general restyling of the Bankruptcy Rules. Case law about this provision from before the amendment references Bankruptcy Rule 4001(a)(3).

21.     Unless a party objects to this Motion and informs the Court that it intends to appeal and seek a stay pending appeal, the fourteen-day stay under of the Bankruptcy Rule 4001(a)(4) would not accomplish that purpose. The Founders therefore submit that the Court should order that the Bankruptcy Rule 4001(a)(4) not apply, as provided in the Proposed Order, unless requested by a party opposed to this Motion.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Founders request that the Court enter an order, substantially in the form of the Proposed Order, modifying the automatic stay to allow the Founders to request and the Insurers to advance covered defense costs under the D&O Policies.


Dated: August 6, 2025                          Respectfully submitted,


                                               SHANNON & LEE LLP

                                               */s/Kyung S. Lee*
                                               Kyung S. Lee
                                               State Bar No. 12128400
                                               R. J. Shannon
                                               State Bar No. 24108062
                                               2100 Travis Street, STE 1525
                                               Houston, Texas 77002
                                               Email:  klee@shannonleellp.com
                                                       rshannon@shannonleellp.com
                                               Phone: (713) 714-5770

                                               *Counsel to Nicholas Cerasoulo*


                                               -and-

STREUSAND, LANDON, OZBURN & LEMMON,
LLP

*/s/Rhonda Mates*
Stephen W. Lemmon
State Bar No. 12194500
Rhonda Mates
State Bar No. 24040491
1801 S. Mopac Expressway, Ste. 320
Austin, Texas 78746
Email:  lemmon@slollp.com
         mates@slollp.com
Phone: (512) 236-9900

*Counsel to Chase Blackmon, Cameron Blackmon,
and Nathan Nichols*


## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served (a) by the Court's CM/ECF System on all parties registered to receive such service at the time of filing and (b) by U.S.P.S. first class mail on the persons on the attached mailing list within one business day of filing.

*/s/Kyung S. Lee*
Kyung S. Lee


## CERTIFICATE OF CONFERENCE

I hereby certify that on August 5, 2025, Rhonda Mates informed me that she conferred with counsel to the Special Committee, which acts on behalf of the Debtors in connections with matters involving the Founders, regarding the relief sought in this Motion. Counsel to the Special Committee indicated that he did not oppose the relief sought.

I further certify that on or prior to August 5, 2025, Rhonda Mates and I had email communications with counsel for the Insurers, in which they either expressed having no issues with the draft of the Motion or provided comments to the Motion which have been incorporated into the pleading filed with the Court.

*/s/Kyung S. Lee*
Kyung S. Lee

```
Label Matrix for local noticing        Ad Hoc Group of SAFE Parties           Air HPC LLC
0541-4                                  c/o Sarah Link Schultz                 Quinn Emanuel Urquhart & Sullivan, LLP
Case 24-90448                           Akin Gump Strauss Hauer & Feld LLP     Attn: Patricia B. Tomasco
Southern District of Texas              2300 N. Field Steet, Suite 1800        700 Louisiana, Suite 3900
Houston                                 Dallas, TX 75201-4675                  Houston, TX 77002-2841
Tue Aug  5 16:52:31 CDT 2025

Celsius Holdings US LLC                 Ethos Investments X LLC                Ethos Investments XIV LLC
c/o Sarah Link Schultz                  c/o Lathrop GPM LLP                    c/o Lathrop GPM LLP
Akin Gump Strauss Hauer & Feld LLP      2345 Grand Blvd., Suite 2200           2345 Grand Blvd., Suite 2200
2300 N. Field Street, Suite 1800        Kansas City, MO 64108-2618             Kansas City, MO 64108-2618
Dallas, TX 75201-4675


Imperium Investments Holdings, LLC      Jordan HPC LLC                         Jordan HPC Sub LLC
c/o Streusand Landon Ozburn & Lemmon LLP c/o Quinn Emanuel Urquhart & Sullivan Quinn Emanuel Urquhart & Sullivan, LLP
1801 S. Mopac Expressway, #320          Attn: Patricia B. Tomasco             Attn: Patricia B. Tomasco
Austin, TX 78746-9817                   700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
                                        Houston, TX 77002-2841                 Houston, TX 77002-2841


Kurtzman Carson Consultants, LLC dba Verita  Quinn Emanuel Urquhart & Sullivan, LLP  Ranger Investment Partners, L.P. and Winches
222 N Pacific Coast Highway, Suite 300  c/o Patricia B. Tomasco                c/o James T. Grogan
El Segundo, CA 90245-5614               700 Louisiana, Suite 3900              Greenberg Traurig, LLP
                                        Houston, TX 77002-2841                 1000 Louisiana Street, Suite 6700
                                                                               Houston, TX 77002-6003


Rhodium 10MW LLC                        Rhodium 10MW Sub LLC                   Rhodium 2.0 LLC
c/o Quinn Emanuel Urquhart & Sullivan   Quinn Emanuel Urquhart & Sullivan, LLP Quinn Emanuel Urquhart & Sullivan
Attn: Patricia B. Tomasco               Attn: Patricia B. Tomasco              Attn: Patricia B. Tomasco
700 Louisiana, Suite 3900               700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
Houston, TX 77002-2841                  Houston, TX 77002-2841                 Houston, TX 77002-2841

Rhodium 2.0 Sub LLC                     Rhodium 30MW LLC                       Rhodium 30MW Sub LLC
Quinn Emanuel Urquhart & Sullivan, LLP  c/o Quinn Emanuel Urquhart & Sullivan  Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Patricia B. Tomasco               Attn: Patricia B. Tomasco              Attn: Patricia B. Tomasco
700 Louisiana, Suite 3900               700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
Houston, TX 77002-2841                  Houston, TX 77002-2841                 Houston, TX 77002-2841

Rhodium Encore LLC                      Rhodium Encore Sub LLC                 Rhodium Enterprises, Inc.
2617 Bissonnet St                       Quinn Emanuel Urquhart & Sullivan, LLP Quinn Emanuel Urquhart & Sullivan, LLP
Ste 234                                 Attn: Patricia B. Tomasco              c/o Patricia B. Tomasco
Houston, TX 77005-1316                  700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
                                        Houston, TX 77002-2841                 Houston, TX 77002-2841

Rhodium Industries LLC                  Rhodium JV LLC                         Rhodium Ready Ventures LLC
Quinn Emanuel Urquhart & Sullivan, LLP  c/o Quinn Emanuel Urquhart & Sullivan  Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Patricia B. Tomasco               Attn: Patricia B. Tomasco              Attn: Patricia B. Tomasco
700 Louisiana, Suite 3900               700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
Houston, TX 77002-2841                  Houston, TX 77002-2841                 Houston, TX 77002-2841

Rhodium Renewables LLC                  Rhodium Renewables Sub LLC             Rhodium Shared Services LLC
Quinn Emanuel Urquhart & Sullivan, LLP  Quinn Emanuel Urquhart & Sullivan, LLP Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Patricia B. Tomasco               Attn: Patricia B. Tomasco              Attn: Patricia B. Tomasco
700 Louisiana, Suite 3900               700 Louisiana, Suite 3900              700 Louisiana, Suite 3900
Houston, TX 77002-2841                  Houston, Tx 77002-2841                 Houston, TX 77002-2841

Rhodium Technologies LLC                Tax Appraisal District of Bell County  Temple Green Data, LLC
Quinn Emanuel Urquhart & Sullivan, LLP  McCreary Veselka Bragg & Allen PC      c/o Jennifer F. Wertz
Attn: Patricia B. Tomasco               Attn: Julie Anne Parsons               Jackson Walker LLP
700 Louisiana, Suite 3900               PO Box 1269                            100 Congress Avenue
Houston, TX 77002-2841                  Round Rock, TX 78680-1269              Suite 1100
                                                                               Austin, TX 78701-4042
```

The County of Milam, Texas
c/o McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680-1269

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

345 Partners SPV2 LLC
108 Baywood Avenue
Hillsborough, CA 94010-6904

AFC Development LLC
PO Box 100997
Fort Worth, TX 76185-0997

Arctos Credit LLC
2443 Fillmore Street
Suite 406
San Francisco, CA 94115-1814

Blackmon Holdings, LLC
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817

Brennan M Nacol 2015 Irrevocable
Trust
3404 Stratford Hills Lane
Austin, TX 78746-4687

Cameron Blackmon
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817

Chase Blackmon
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817

Christopher Blackerby
401 Hamilton Crescent
Clearwater, FL 33756-5330

Clark Kemble
1716 Western Avenue
Fort Worth, TX 76107-3850

Colin Hutchings
592 Calle Mar Indico
Dorado, PR 00646-4514

DROip3 LLC
PO Box 1221
Folly Beach, SC 29439-1221

ERS Capital, LLC
530-B Harkle Road
Suite 100
Santa Fe, NM 87505-4739

Elysium Mining, LLC
3115 S 15th Place
Milwaukee, WI 53215-4633

Equity Trust Company Custodian
FBO Valentin Angelkov IRA
26 W Fairbranch Circle
The Woodlands, TX 77382-4413

GR Fairbairn Family Trust
11 W 30th Street
Apt 7R
New York, NY 10001-4400

GRF Tiger Trust
11 W 30th Street
Apt 7R
New York, NY 10001-4400

Gaurav Parikh 2020 Revocable
Trust
32 Johnson Road
Winchester, MA 01890-2252

Grant Fairbairn Revocable Trust
10 Orinda View Road
Orinda, CA 94563-1233

Imperium Investments Holdings, LLC
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jacob Rubin
180 Corte Madera Road
Portola Valley, CA 94028-7815

Jacquelyn B Nacol 2015
Irrevocable Trust
1022 S La Grange Road
La Grange, IL 60525-2845

James M Farrar
2805 Kings Park Lane
Modesto, CA 95355-8681

Jerald and Melody Howe Weintraub
Revocable Living Trust DTD 02/05/98
3527 Mt. Diablo Blvd
Apt 322
Lafayette, CA 94549-3815

Jon Aborn
2150 Broadway
Apt 10B
New York, NY 10023-8260

Jonathan Aborn
2150 Broadway
Apt 10B
New York, NY 10023-8260

Joseph E Thomas
Grant J Thomas
Thomas Whitelaw & Kolegraff LLP
18101 Von Karman Ave
Suite 230
Irvine, CA 92612-7132

KeekBC LLC
PO Box 1221
Folly Beach, SC 29439-1221

LNW Family II, LP
PO Box 100997
Fort Worth, TX 76185-0997

Michael Garrie
210 N Church Street
Unite 3514
Charlotte, NC 28202-2256

Moore Revocable Trust
2687 Union Street
San Francisco, CA 94123-3816


Morrison Park Capital LLC
321 Main Street
Suite 482
Wakefield, MA 01880-7034

Morrison Park Capital LLC
Anthony Ausiello
321 Main Street
Wakefield, MA 01880-5028

NC Fairbairn Family Trust
11 W 30th Street
Apt 7R
New York, NY 10001-4400


NCF Eagle Trust
11 W 30th Street
Apt 7R
New York, NY 10001-4400

NYDIG ABL LLC
c/o Rachel Kubanda
Kean Miller LLP
711 Louisiana Street
Houston, Texas 77002-2716

Nathan Nichols
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817


Nina Claire Fairbairn Revocable
Trust
10 Orinda View Road
Orinda, CA 94563-1233

Omega Capital Ventures SRL
Warsaw, Poland 00-277

Pat C Hawkins
719 Rivercrest Drive
Fort Worth, TX 76107-1642


Paul Schwarz
1576 Kittyhawk Lane
Glenview, IL 60026-7755

Peter Stris
13115 Espinheira Drive
Cerritos, CA 90703-7387

Printing Capital I, LP
445 Adelaid Street W
Toronto, ON M5V 1T1


Private Investor Club Feeder
Fund 2020-G LLC
6510 Millrock Drive
Suite 400
Salt Lake City, UT 84121-5989

Private Investor Club Feeder
Fund 2020-H LLC
111 Isobel Reserves Ln
Tampa, FL 33613

Proof Capital Alternative Income
Fund
817 Rideau Road SW
Calgary, Alberta T2S 0S1


R2BMI LLC
5601 Country Creek Terrace
Glen Allen, VA 23059-5300

RH Fund II, a series of
Telegraph Treehouse, LP
PO Box 3217
Seattle, WA 98114-3217

RH Fund II, a series of Telegraph Treehouse,
Ross Barbash
265 Filbert Street
San Francisco, CA 94133-3203


RH Fund III, a series of Telegraph Treehouse
Ross Barbash
265 Filbert Street
San Francisco, CA 94133-3203

Rachana Pathak
16416 Knoll Stone
Cerritos, CA 90703-2005

Resolutions Real Estate
Services, LLC
4700 Millenia Blvd.
Suite 175-90695
Orlando, FL 32839-6013


Richard Fullerton
3047 Fillmore Street
San Francisco, CA 94123-4009

Robert M Spencer
PO Box 100997
Fort Worth, TX 76185-0997

Robert T Solvak
Brandon C Marx
Foley & Lardner LLP
2021 McKinney, Suite 1600
Dallas, TX 75201-3340


Rossano N Wlodawsky and Marnie
S Whodawsky Joint Revocable Living
Trust
3535 Salles Ridge Ct
Midlothian, VA 23113-2028

Scott A Thurman
4404 Summercrest Court
Fort Worth, TX 76109-3416

Shane M Blackmon
2605 Painted Sky Bend
Leander, TX 78641-4338

Solo Sessions, LLC Profit
Sharing Plan
3404 Stratfod Hills Lane
Austin, TX 78746-4687

Stadlin Group Investments LLC
27 Turtle Rock Court
Tiburon, CA 94920-1301

Temple Green Data, LLC
Jennifer F. Wertz
Jackson Walker LLP
100 Congress Avenue, Suite 1100
Austin, TX 78701-4042

The Goodman Family Trust
4348 Berrendo Drive
Sacramento, CA 95864-3120

The Kirk A. Blackmom 2013
Family Trust
3017 Alton Road
Fort Worth, TX 76109-2143

Thomas Lienhart
660 Evening Star Lane
Cincinnati, OH 45220-1423

Transcend Partners Legend
Fund LLC
10 Orinda View Road
Orinda, CA 94563-1233

Trudo T M Letschert, II
Revocable Trust
3762 Beneva Oaks Blvd
Sarasota, FL 34238-2519

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

United States Attorney for the
Southern District of Texas
1000 Louisiana
Suite 2300
Houston, Texas 77002-5010

United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Valley High LP
10 Orinda View Road
Orinda, CA 94563-1233

Victor OConnell
18812 Pinewood Circle
Cerritos, CA 90703-6205

Vida Kick LLC
245 W Loraine Street
Suite 341
Glendale, CA 91202-3177

Whinstone
2721 Charles Martin Hall Road
Rockdale, TX 76567-3088

Wilkins-Duignan 2009 Revocable
Trust
PO Box 7278
Berkeley, CA 94707-0278

William J Kolegraff
Thomas Whitelaw & Kolegraff LLP
18101 Von Karman Ave
Suite 230
Irvine, CA 92612-7132

Bridget Asay
Stris & Maher LLP
15 East State Street
Suite 2
Montpelier, VT 05602-3015

Cameron Blackmon
c/o Streusand, Landon, Ozburn & Lemmon
1801 S Mopac Expressway Suite 320
Austin, TX 78746-9817

Chase Blackmon
c/o Streusand, Landon, Ozburn & Lemmon
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746-9817

Christopher H Stadlin Group Investments LLC
c/o Nuti Hart LLP
6232 La Salle Avenue, Suite D
Oakland, CA 94611-2846

Colleen Rosannah Smith
Stris & Maher LLP
1717 K Street NW
Suite 900
Washington, DC 20006-5349

Helen Mitsuko Marsh
Stris & Maher LLP
777 S Figueroa St
Ste 3850
Los Angeles, CA 90017-5838

Joanna Diane Caytas
Attorney at Law
700 Louisiana St.
Suite 3900
Houston, TX 77002-2841

Jonas Norr
c/o Lathrop GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618

Joseph Thomas
Thomas Whitelaw and Kolegraff LLP
18101 Von Karman Ave Suite 230
Irvine, ca 92612-7132

Nathan Nichols
c/o Streusand, Landon, Ozburn & Lemmon
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746-9817

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan
700 Louisiana St.
Suite 3900
Houston, TX 77002-2841

Shane M. Blackmon
c/o Chamberlain Hrdlicka
Attention: Bankruptcy Dept.
1200 Smith Street, Suite 1400
Houston, TX 77002-4496

Vincent Paul Schmeltz III
Barnes Thornburg, LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2841

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
1919 Smith Street
Houston, Texas 77002

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ad Hoc SAFE Claimants | (u)B. Riley Securities, Inc. | (u)BDO Consulting Group LLC |
| (u)Barnes & Thornburg LLP | (u)Cross the River LLC | (u)DLT Data Center 1 LLC (DLT 1) |
| (u)Elysium Mining LLC | (u)GR Fairbairn Family Trust | (u)GRF Tiger Trust |
| (u)Galaxy Digital, LLC | (u)Grant Fairbairn Revocable Trust | (u)Gray Reed |
| (u)Lehotsky Keller Cohn LLP | (u)Liquid Mining Fund I, LLC | (u)Liquid Mining Fund II, LLC |
| (u)Liquid Mining Fund III, LLC | (u)MP2 Energy Texas, LLC d/b/a Shell Energy S | (u)Midas Green Technologies, LLC |
| (u)NC Fairbairn Family Trust | (u)NCF Eagle Trust | (u)New York Digital Investment Group, LLC |

| | | |
|---|---|---|
| (u)Nina Claire Fairbairn Revocable Trust | (u)Official Committee of Unsecured Creditors | (u)Private Investor Club Feeder Fund 2020-G L |
| (u)Private Investor Club Feeder Fund 2020-H L | (u)Proof Capital Alternative Growth Fund | (u)Proof Capital Alternative Income Fund |
| (u)Proof Capital Special Situations Fund | (u)Proof Proprietary Investment Fund Inc. | (u)Province, LLC |
| (u)RH Fund I | (u)RH Fund II | (u)RH Fund III |
| (u)Ropes & Gray LLP | (u)Stris & Maher LLP | (u)Transcend Partners Legend Fund LLC |
| (u)Trine Mining, LLC | (u)Valley High LP | (u)Whinstone US, Inc. |

(d)Gaurav Parikh 2020 Revocable Trust
32 Johnson Rd
Winchester MA 01890-2252

(d)US Trustee
Office of the US Trustee
515 Rusk Ave
Suite 3516
Houston, TX 77002-2604

(u)Arkady Goldinstein

(u)Nicholas Cerasuolo

End of Label Matrix
Mailable recipients   119
Bypassed recipients    43
Total                 162