IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**SPECIAL COMMITTEE'S OPPOSITION TO THE AD HOC GROUP OF SAFE PARTIES' OBJECTION REGARDING INSIDER'S MOTION FOR AN ORDER (A) MODIFYING THE AUTOMATIC STAY TO ALLOW THE ADVANCEMENT OF DEFENSE COSTS UNDER THE DEBTORS' D&O INSURANCE AND (B) GRANTING RELATED RELIEF [ECF NO. 1546]**

The Special Committee of the Board of Directors of Debtor Rhodium Enterprises, Inc. (the "Special Committee") respectfully submits this Opposition to The Ad Hoc Group of SAFE Parties' ("SAFE AHG") Objection Regarding Insider's Motion for an Order (A) Modifying the Automatic Stay to Allow the Advancement of Defense Costs under the Debtors' Directors and Officers ("D&O") Insurance and (B) Granting Related Relief [ECF No. 1546].

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these Chapter 11 Cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

# BACKGROUND

I. **Relevant Indemnity Provisions**

1. The indemnity article within the Amended and Restated Certificate of Incorporation of Rhodium Enterprises Inc. ("Articles" and "REI") dated June 10, 2021, states:

> **EIGHTH:** To the fullest extent permitted by the Delaware General Corporation Law, as the same exists or as may hereafter be amended, a director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director. The Corporation shall indemnify to the fullest extent permitted by law any person made or threatened to be made a party to an action or proceeding, whether criminal, civil, administrative or investigative, by reason of the fact that he, his testator or intestate is or was a director or officer of the Corporation or any predecessor of the Corporation, or serves or served at any other enterprise as a director or officer at the request of the Corporation or any predecessor to the Corporation. Neither any amendment nor repeal of this Article Eighth, nor the adoption of any provision of the Corporation's Certificate of Incorporation inconsistent with this Article Eighth, shall eliminate or reduce the effect of this Article Eighth in respect of any matter occurring, or any action proceeding accruing or arising or that, but for this Article Eighth, would accrue or arise, prior to such amendment, repeal or adoption of an inconsistent provision.

2. The indemnification provisions within the REI Bylaws dated May 6, 2021, provide:

> **Section 7.02. Indemnification.** Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "***Proceeding***"), by reason of the fact that he or she … is or was a director or officer of the Corporation or a director… or officer of any of its subsidiaries (any of the foregoing persons, a "*Mandatory Indemnitee*") shall be indemnified and held harmless by the Corporation … against all expense (including court costs, attorneys' fees, witness fees, fines…, amounts paid in settlement or judgment and any other costs and expenses of any nature or kind incurred in connection with any Proceeding), liability and loss (including attorneys' fees actually and reasonably incurred by such

2

person in connection with such Proceeding)… The right to indemnification conferred in this Article VII shall be a contract right and, subject to Sections 7.03 and 7.06, shall include the right to payment by the Corporation of the expenses incurred in defending any such Proceeding in advance of its final disposition….

**Section 7.03. Procedure for Indemnification.** Any indemnification of any Mandatory Indemnitee described in Section 7.02 or advance of expenses under Section 7.06 shall be made promptly, and in any event within thirty (30) days, upon the written request of the Mandatory Indemnitee.

**Section 7.06. Expenses.** The Corporation shall advance to any person who was or is a party or is threatened to be made a party to any threatened, pending or completed Proceeding, by reason of the fact that he is or was a Mandatory Indemnitee prior to the final disposition of the Proceeding, promptly following request therefor, all expenses incurred by such Mandatory Indemnitee in connection with such Proceeding…

3. Additionally, Section 3.7 on indemnification within the Fourth

Amended Operating Agreement of Rhodium Technologies, LLC ("RTL") states:

> 3.7. *Indemnification.* The Company shall indemnify and hold harmless each of the Members, the Manager, the officers and directors of the Company and the Manager and the members of the Manager, provided that the act or omission or error of judgment for which indemnification is sought arises out of such Person's performance of a managerial function on behalf of the Company that was authorized by the Manager, from and against any claims, personal loss, liability or damage incurred as a result of any act or omission, or any error of judgment, unless such loss, liability or damage results from such Person's willful misconduct or gross negligence. Any such indemnification shall be paid only from the assets of the Company, and none of the Members shall have any personal liability on account thereof.

## II.     Dispute Over Advancement of Founders' Defense Fees and Costs from Debtors' Estate

4. To date, Debtors have refused to advance defense fees and costs to the Founders under the indemnity provisions of Debtors' corporate governance documents due to this bankruptcy.

5.     On March 22, 2025, Nicholas Cerasuolo filed a Motion for an Order Allowing Late Filed Claim to be Treated as Timely ("Late Filed Claim Motion") to seek indemnity from Debtors, which remains pending and has not yet been ruled upon. [ECF No. 881.]

6.     Mr. Cerasuolo's indemnity dispute was therefore one of the subjects of settlement negotiations with the D&O insurers.

7.     Mr. Cerasuolo's dispute is now tentatively settled so long as the automatic stay is lifted allowing the D&O insurers to advance defense costs.

8.     As a result, the Late Filed Claim Motion was included within the stay under this Court's Scheduling Order, which stayed all "Amended Plan and Amended Disclosure Statement activities, including, without limitation, all related objection deadlines and hearings …" [ECF No. 1316.]

9.     However, litigation on the Late Filed Claim Motion will resume should the Court decline to lift the automatic stay and allow the D&O insurers to advance defense costs.

### III.    Procedural History

10.    On August 6, 2025, Chase Blackmon, Cameron Blackmon, Nathan Nichols and Nicholas Cerasuolo (the "Founders") filed a Motion for an Order (A) Modifying the Automatic Stay to Allow the Advancement of Defense Costs Under the Debtors' D&O Insurance and (B) Granting Related Relief ("Motion"). [ECF No. 1509.]

11.    On August 21, 2025, the SAFE AHG filed the only objection to the Founders' Motion. [ECF No. 1546.]

12. Mr. Cerasuolo's dispute will only be resolved if the D&O insurers are able to advance his defense costs as requested in the Founders' Motion.

## ARGUMENT

13. In determining whether to advance defense costs, bankruptcy courts have balanced the harm to the debtor if the automatic stay is modified with the harm to directors and officers if they are prevented from executing on their rights to defense costs. *Sec. & Exch. Comm'n v. Narayan*, No. 3:16-CV-1417-M, 2017 WL 447205, at *6 (N.D. Tex. Feb. 2, 2017) (listing cases). Even where courts find that D&O policy proceeds are part of the bankruptcy estate, courts will grant the relief from the stay to allow the insurer to advance defense cost payments when the harm weighs more heavily against the directors or officers than the debtor. *Id.*

14. Here, the balance of harm weighs in favor of allowing the D&O carriers to advance the Founders' defense costs.

15. Under the REI Articles and Bylaws, the Debtors arguably have a duty to indemnify the Indemnitees against all "costs and expenses of any nature or kind incurred in connection with" a Proceeding, including, but not limited to, attorneys' fees and amounts paid in settlement or judgment. REI Bylaws § 7.02.

16. In addition, REI is arguably obligated to advance all expenses incurred by the Founders in connection with any Proceeding "prior to the final disposition of the Proceeding, promptly following request therefor." REI Bylaws § 7.06.

17. Based on these obligations, if the automatic stay is not modified allowing the Debtors' D&O insurers to advance the Founders' defense costs, the

Debtors may need to indemnify the Founders for their defense costs out of the estates.

18. The Special Committee, together with nearly all of these cases' other major stakeholders, has worked tirelessly to reach numerous interrelated settlements that form the basis of the consensual plan of liquidation for the Debtors now on file with the Court [ECF No. 1297] and the distribution of the estates' assets contained therein. The parties' negotiations contemplated that the D&O insurers will pay the Founders' defense costs.

19. The amount of money available for distribution may change if the D&O insurers are unable to advance defense costs. Litigation over Mr. Cerasuolo's dispute will resume, delaying the ability of all parties to determine the amount of estate assets available for distribution. Likewise, renewed litigation over advancing defense costs will deplete further the amount available for distribution, injuring all stakeholders. As a result, the Debtors will suffer harm if the Founders' Motion is denied.

20. Similarly, the Founders will have to continue advancing their defense fees out of pocket to litigate this issue, among others, if the Founders' Motion is denied, which will also cause them harm.

21. The balance of the harms therefore weigh in favor of granting the Founders' Motion.

22. Accordingly, the Special Committee supports the modification of the automatic stay to allow the D&O insurers to begin their prompt payment of the

Founders' defense costs because such advancement will preserve the estate's assets for distribution and minimize the harms suffered by both the Debtors and their directors and officers.

## RESERVATION OF RIGHTS

23. The Special Committee submits this Opposition without prejudice to, and with a full reservation of the Special Committee's rights, claims, defenses and remedies, including the right to amend, modify or supplement this Opposition to raise additional objections and to object to and introduce evidence at any hearing relating to the Opposition, and without in any way limiting any other rights of the Special Committee, as may be appropriate.

## CONCLUSION

24. For the foregoing reasons, the Special Committee respectfully requests that the Court grant the Founders' Motion [ECF No. 1509], deny the SAFE AHG's Objection [ECF No. 1546], and grant such other relief as may be just and proper.

Dated this 27th day of August, 2025.

        BARNES & THORNBURG LLP

        */s/ Trace Schmeltz*
        Vincent P. (Trace) Schmeltz III (*pro hac vice*)
        One N. Wacker Drive, Suite 4400
        Chicago, Illinois 60606
        Telephone: 312-214-5602
        Facsimile: 312-759-5646
        Email: tschmeltz@btlaw.com

        *Counsel for the Special Committee of the Board of Directors of Rhodium Enterprises, Inc.*

## Certificate of Service

I, Vincent P. (Trace) Schmeltz III, hereby certify that on the 27th day of August, 2025, a copy of the foregoing was served via the Clerk of the Court through the ECF system to the parties registered to receive such service.

*/s/ Trace Schmeltz*
Vincent P. (Trace) Schmeltz III
