## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

## EMERGENCY MOTION OF THE SPECIAL COMMITTEE FOR AN EXTENSION TO FILE A RESPONSE TO LEHOTSKY KELLER COHN LLP'S FINAL APPLICATION FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 28, 2024 THROUGH JUNE 30, 2025 [ECF NOS. 1560-1561]

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. Relief is requested not later than 9:00 a.m. (Prevailing Central Time) on October 2, 2025. If you object to the relief requested or you believe that emergency consideration is not warranted, you should file an immediate response. You must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested. A hearing will be requested on this matter on October 2, 2025 at 9:00 a.m. (Central Prevailing Time).**

The Special Committee of the Board of Directors of Debtor Rhodium Enterprises, Inc. (the "Special Committee") respectfully submits this Emergency

---

[1] Debtors in these Chapter 11 Cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these Chapter 11 Cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

Motion (the "Motion") for an extension of time in which to file its objection to Lehotsky Keller Cohn LLP's ("LKC") Final Fee Application for Payment of Compensation and Reimbursement of Expenses for the Period August 28, 2024, Through June 30, 2025 (the "Fee Application") [ECF Nos. 1560-1561].

### **PRELIMINARY STATEMENT**

1.      By this Motion, the Special Committee seeks an extension of time to file a response to the Fee Application.  There are two reasons for this request.

2.      First, Fifth Circuit precedent—including *Osherow v. Ernst & Young, LLP* (*In re Intelogic Trace, Inc.*)*,* 200 F.3d 382 (5th Cir. 2000)—requires that all claims that the estate holds or may hold against LKC are brought as part of an objection to a fee application.  If claims against LKC are not asserted and litigated as part of the fee application, the estate will be barred from asserting them at a later time due to the application of *res judicata*.

3.      Second, as explained in the Special Committee's Motion to Quash LKC's First Set of Requests for Production and Interrogatories to Debtors Pursuant to Bankruptcy Rule 2004 [ECF No. 1530] (the "Motion to Quash") and related reply, the Fee Application itself is premature, non-emergent, and ***cannot*** be adjudicated until Debtors and Whinstone first agree on their tax allocation of Property under the Purchase and Sale Agreement.  Proceeding with the Fee Application could put the Debtors—LKC's ***current client***— in legal jeopardy.  As the Special Committee noted in its Reply in Support of the Motion to Quash, "[t]his unnecessary 'dispute' results solely from irrational impatience."  [ECF No. 1614.]  There is simply no reason and no justification for proceeding with the Fee Application now.

2

4.     Objections to the Fee Application are currently due Friday, September 13, 2025.  Pursuant to discussions held during the Court's status hearing on September 8, 2025, the Special Committee requests that the Court hear this Motion at the status conference scheduled for October 2, 2025.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334; this matter is a core proceeding under 28 U.S.C. § 157(b).

6.     Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this district is proper.

7.     The bases for the relief are Section 105(a) of the Bankruptcy Code, les 2016 and 9006(b) of the Federal Rules of Bankruptcy Procedure, and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

8.     On August 7, 2025, LKC filed its First Set of Requests for Production and Interrogatories to Debtors Pursuant to Bankruptcy Rule 2004. [ECF No. 1515.]

9.     On August 14, 2025, LKC filed a Motion for a Status Conference on Rule 2004 Discovery. [ECF No. 1529.]  On the same day, the Special Committee Filed its Motion to Quash and Response to LKC's Motion for Status Conference on Rule 2004 Discovery. [ECF No. 1530.]

10.     On August 22, 2025, LKC filed its Final Application for Payment of Compensation and Reimbursement of Expenses for the Period August 28, 2024, Through June 30, 2025. [ECF Nos. 1560-1561.]

11.     On August 29, 2025, LKC filed its Response in Opposition to Special Committee's Motion to Quash. [ECF No. 1588.]

12.     On September 5, 2025, the Special Committee filed its Reply in Support of its Motion to Quash (the "Reply"). [ECF No. 1614.]

13.     On September 9, 2025, the Special Committee conferred with counsel for LKC on this Motion. LKC's counsel indicated they opposed the extension request.

## BASIS FOR RELIEF

**I.      The Debtors require time and discovery in order to evaluate potential claims against LKC because any such claims must be adjudicated as part of the Fee Application.**

14.     *Res judicata* can and does bar a debtor's claims against a third party seeking fees in a bankruptcy case if those claims are not asserted in connection with the fee application.  *See In re Intelogic Trace, Inc.*, 200 F.3d at 386–391.





**II.    The Fee Application is premature and cannot be adjudicated now in any event.**

21.    As detailed in the Special Committee's Motion to Quash and Reply, the Court should extend the deadline for filing objections to the Fee Application because the Fee Application itself is premature and incapable of resolution until certain prerequisites have been satisfied.  [ECF Nos. 1530, 1614.]

22.    As the Special Committee notes in its Reply, "the time for Debtors' negotiation ***with LKC*** has not yet arrived—because the negotiation of the purchase price allocation to the purchased assets is ongoing with Whinstone."  [ECF No. 1614 at 7.]  Adjudication of the Fee Application now is contrary to the agreements LKC is a party to and would put the Debtors in the untenable position of being forced to allocate a multi-million-dollar payment ***inconsistently*** with the way the payments

must be allocated and reported to the IRS.  Not only is there no reason to proceed with the Fee Application now, there is no basis on which to do so.

**III.      Emergency consideration is warranted.**

23.      Pursuant to Local Rule 9013-1, the Special Committee respectfully requests emergency consideration of this Motion. Any delay in granting the relief requested would cause irreparable harm to Debtors as it could lead to the unintentional waiver of claims against LKC. Proceeding with the Fee Application briefing prematurely may also lead to inconsistent representations with the IRS, which could create further unnecessary and avoidable liabilities.

## RESERVATION OF RIGHTS

24.      The Special Committee submits this Motion without prejudice to, and with a full reservation of the Special Committee's rights, claims, defenses and remedies, including the right to amend, modify or supplement this Motion to raise additional objections and to object to and introduce evidence at any hearing relating to the Motion, and without in any way limiting any other rights of the Special Committee, as may be appropriate.

## CONCLUSION

25.      For the foregoing reasons, the Special Committee respectfully requests that the Court grant this Motion after consideration at the status conference on October 2, 2025, and at that time extend all further objections and briefing relating to the Fee Application until such time as the Special Committee is able to complete its investigation, and grant such other relief as may be just and proper.

Dated this 10th day of September, 2025.

BARNES & THORNBURG LLP

/s/ Trace Schmeltz
Vincent P. (Trace) Schmeltz III (*pro hac vice*)
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: 312-214-5602
Facsimile: 312-759-5646
Email: tschmeltz@btlaw.com

*Counsel for the Special Committee of the Board of Directors of Rhodium Enterprises, Inc.*

## Certificate of Accuracy

I, Vincent P. (Trace) Schmeltz III, hereby certify that the foregoing statements are true and accurate to the best of my knowledge. The statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Trace Schmeltz*
Vincent P. (Trace) Schmeltz III

## Certificate of Service

I, Vincent P. (Trace) Schmeltz III, hereby certify that on the 10th day of September, 2025, a copy of the foregoing was served via the Clerk of the Court through the ECF system to the parties registered to receive such service.

*/s/ Trace Schmeltz*
Vincent P. (Trace) Schmeltz III
