**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**THE TRANSCEND GROUP'S OBJECTION TO
QUINN EMANUEL URQUHART & SULLIVAN, LLP'S THIRD INTERIM
APPLICATION FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM MARCH 1, 2025, THROUGH MAY 31, 2025**

**[Relates to ECF No. 1739]**

Transcend Partners Legend Fund LLC; Valley High LP; GR Fairbairn Family Trust; Grant Fairbairn Revocable Trust; Nina Claire Fairbairn Revocable Trust; NCF Eagle Trust; GRF Tiger Trust; and NC Fairbairn Family Trust (collectively, the "Transcend Group") hereby serve their Objection to Quinn Emanuel Urquhart & Sullivan, LLP's ("Quinn Emanuel") Third Interim Application for Payment of Compensation and Reimbursement of Expenses (the "Third Interim Fee Application") for the Period from March 1, 2025, through May 31, 2025 (the "Interim Fee Period") as follows:

---

[1]      The Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (3973), Rhodium Renewables LLC (0748), Air HPC LLC (0387), Rhodium Shared Services LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of the Debtors in these Chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

---

## OBJECTION

This bankruptcy proceeding was filed on August 24, 2024. In the 14 months since, Quinn Emanuel billed the Estates over **_$12 million_** in connection with its retention as counsel for the Debtors. Notwithstanding this substantial amount of fees, the Debtors now support a proposed plan that advocates paying an additional **_$8.5 million_** to counsel for the SAFE AHG (Akin Gump Strauss Hauer & Feld LLP) for alleged work that overlaps directly with the work Quinn Emanuel was retained to perform.[2]

Quinn Emanuel also appears to have overlapped, and unnecessarily duplicated work, with Barnes & Thornburg LLP ("B&T"). B&T was retained as counsel for the Special Committee. B&T billed the Estates more than $6 million. Thus, between Quinn Emanuel, B&T, and the proposed "substantial contribution" claim for Akin Gump, the Estate will be saddled with more than **_$27 million_** in attorney's fees and expenses from those three law firms alone in the course of approximately 14 months (*i.e.*, almost $2 million in attorney's fees and expenses per month from only three law firms – with the Estates incurring significant, additional amounts of fees from other professionals, including other law firms, over that same course of time).

In addition, while unnecessarily duplicating efforts to the detriment of the Estates, Quinn Emanuel, among other issues, (1) unnecessarily overstaffed its own work; (2) charged fees much higher than the fees charged by comparably skilled practitioners in the jurisdiction; (3) billed excessively for daily case status calls; (4) billed excessively for work on its own fee statements; and (5) provided vague descriptions of work performed, which do not show the necessity,

---

[2]     The Transcend Group does not agree with the Debtors' position that the SAFE AHG is somehow entitled to an $8.5 million "substantial contribution" claim. Instead, the Transcend Group maintains the SAFE AHG is not entitled to any amount for an alleged "substantial contribution." But it is certainly detrimental to Quinn Emanuel's massive fee request that the Debtors apparently believe the SAFE AHG's lawyers should be paid $8.5 million for work Quinn Emanuel was retained to perform and for which Quinn Emanuel is seeking more than $12 million.

reasonableness, and/or efficacy of the services rendered.

For these reasons, the Transcend Group objects to Quinn Emanuel's Third Interim Fee Application. The Transcend Group intends to object to Quinn Emanuel's Final Fee Application and reserves the right to seek disgorgement of amounts paid to Quinn Emanuel before final allowance by the Court.[3] Given the Transcend Group intends to object to a substantial portion of Quinn Emanuel's fees in connection with Quinn Emanuel's submission of its Final Fee Application (and already intends to seek disgorgement), the Transcend Group requests the Court deny the Third Interim Fee Application and ***not*** permit the immediate payment of any amounts requested therein that have not already been paid to Quinn Emanuel (with the ultimate decision on whether Quinn Emanuel is entitled to any such amounts to be decided in connection with Quinn Emanuel's Final Fee Application and the forthcoming objections thereto).

## RESERVATION OF RIGHTS

As discussed above, the Transcend Group reserves its right, and intends, to object to approval of the Final Fee Application submitted by Quinn Emanuel and to seek disgorgement of fees and expenses paid to Quinn Emanuel prior to final allowance of Quinn Emanuel's fees and expenses by the Court. The Transcend Group further reserves its right to raise additional grounds, not articulated herein, for objecting to any of Quinn Emanuel's fees prior to final allowance of Quinn Emanuel's fees and expenses by the Court.

## CONCLUSION

For these reasons, including the stated intent of the Transcend Group to object to Quinn Emanuel's Final Fee Application and seek disgorgement of previously paid fees, the Transcend

---

[3]     As expressly permitted by paragraph 2 of the Court's Order Granting the Motion of the Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (ECF No. 264).

Group requests the Court deny the Third Interim Fee Application and ***not*** permit the immediate payment of any amounts requested therein that have not already been paid to Quinn Emanuel. The Transcend Group further requests any additional relief to which the Transcend Group is justly entitled.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas State Bar No. 24088245
potter@imcplaw.com

**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
shepherd@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

**ATTORNEYS FOR THE TRANSCEND GROUP**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2025, a true and correct copy of the foregoing document was served electronically through the Court's ECF transmission facilities on all parties registered to receive ECF notice in the above-captioned case.

*/s/ Chase J. Potter*
CHASE J. POTTER