IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**LEHOTSKY KELLER COHN LLP'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE SEALING OF RESPONSE IN OPPOSITION TO SPECIAL
COMMITTEE'S MOTION TO LIMIT EVIDENCE AND TO STRIKE AND
DECLARATION OF JONATHAN F. COHN**

[Relates to ECF No. 1935 & 1936]

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

## RELIEF REQUESTED

Lehotsky Keller Cohn LLP ("***LKC***") files this motion (the "***Motion***") seeking entry of an order, substantially in the form attached hereto (the "***Order***"), authorizing LKC to file (i) *Lehotsky Keller Cohn LLP's Response in Opposition to the Special Committee's Motion to Limit Evidence and to Strike* (the "***Response***") and (ii) the *Declaration of Jonathan F. Cohn in Support of Lehotsky Keller Cohn LLP's Response in Opposition to the Special Committee's Motion to Limit Evidence*

---

[1] Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

17936144

*and to Strike* (the "**Declaration**") under seal. In support of the Motion, LKC respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). LKC confirms its consent to the entry of a final order by the Court. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The legal predicates for the requested relief herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## BACKGROUND

3. The Court has entered a protective order (ECF No. 152) (the "**Protective Orders**"), which governs the disclosure and use of confidential discovery materials in these chapter 11 cases. The Protective Order states:

> All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential – Professionals' Eyes Only Information and Confidential Information and Highly Confidential – Professionals' Eyes Only Information if filed with the Court, shall be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Professionals' Eyes Only Information) or filed under seal pursuant to the Court's rules governing sealed documents, unless the Designating Party consents in writing to such Confidential Information or Highly Confidential – Professionals' Eyes Only Information being filed publicly.

17936144

4. On July 8, 2025, the Court entered its *Order Granting Debtors' Application for an Updated Order Authorizing the Retention and Employment of Lehotsky Keller Cohn LLP as Special Litigation Counsel* (ECF No. 1418) (the "**Updated Retention Order**").

5. The Updated Retention Order approved the March 4, 2025 LKC engagement letter (the "**March 2025 Engagement Letter**"), which requires the Debtors and LKC to "determine in good faith the portion of transaction value … allocable to energy credits and damages" for purposes of calculating LKC's success fee (the "**Success Fee**").

6. As the Court is aware, the Debtors have finally resolved their disputes with Whinstone US Inc., and LKC's engagement as special litigation counsel has effectively concluded. As such, and in light of the Court's issuance of the Updated Retention Order, LKC has attempted to engage with the Debtors and the Special Committee *in good faith* regarding the allocation of the Whinstone settlement payment for purposes of calculating LKC's contingency fee.

7. On August 22, 2025, LKC filed its Fee Application.

8. On October 1, 2025, the Special Committee filed *Special Committee's Objection to Lehotsky Keller Cohn LLP's Second and Final Application for Payment of Compensation and Reimbursement of Expenses for the Period August 28, 2024 through June 30, 2025* [ECF No. 1732].

9. On October 19, 2025, the Court entered *Order Granting Amended Emergency Motion for Entry of Protective Order Under Federal Rule of Evidence 502(d)* [ECF No. 1826] (the "**Fee Dispute Protective Order**"). The order provided that,

> the provision of privileged or work-product protected documents and/or information in the dispute between Debtors and Lehotsky Keller Cohn LLP, including the provision of the Special Committee's investigation report prepared by counsel for the Special Committee, whether inadvertent or voluntary, does not and will not constitute a waiver of the work product doctrine, the attorney-client privilege at large between the Special Committee and its counsel, Debtors and their

3

counsel, or any other applicable privilege in this case or in any other federal or state proceeding.

Fee Dispute Protective Order ¶ 2.

10. The hearing on LKC's Fee Application is set for November 3, 2025 at 2:00 p.m.

## CONFIDENTIAL INFORMATION

11. The confidential information (the "*Confidential Information*") LKC seeks to seal are (i) calculations of the Success Fee, which the Special Committee previously requested not be made public and (ii) information and documents containing sensitive, potentially privileged, and confidential materials that may be covered by the Protective Order or the Fee Dispute Protective Order. LKC seeks to submit such information under seal in accordance with applicable law and the terms of the applicable Protective Order or Fee Dispute Protective Order. LKC reserves all rights with respect to the sensitive, potentially privileged, work product, or confidential nature of the Confidential Information or its use at any hearing.

## BASIS FOR RELIEF

12. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to

protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."). Although section 107(b) of the Bankruptcy Code is an exception to the general rule, its application in a bankruptcy proceeding is appropriate. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 654 (Bankr. W.D. Tex. 1997) ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

13. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

14. LKC submits that the Confidential Information falls within the scope of information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *See*

*In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996)). Rather, section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id.* (quoting *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)).

15. The Confidential Information is potentially subject to the Protective Order or the Fee Dispute Protective Order or may otherwise be of a commercially sensitive nature and satisfies at least one of the categories enumerated in section 107(b) of the Bankruptcy Code for which filing under seal and/or redacting documents is appropriate. Good cause exists to authorize the relief requested by LKC to ensure the confidentiality of the Confidential Information.

16. Notwithstanding anything contained in this Motion, LKC reserves all of its rights with respect to the use, confidentiality, privileged, or work product designation of the Confidential Information described in this Motion, including whether such information satisfies the requirements for protection under applicable law.

## CONCLUSION

WHEREFORE, LKC respectfully requests that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem appropriate under the circumstances.

17936144

Dated: November 2, 2025
Houston, Texas

          Respectfully submitted,

          */s/ Joshua W. Wolfshohl*
          Joshua W. Wolfshohl (TX Bar No. 24038592)
          Michael B. Dearman (TX Bar No. 24116270)
          **PORTER HEDGES LLP**
          1000 Main Street, 36th Floor
          Houston, Texas 77002
          Telephone: (713) 226-6000
          Facsimile: (713) 226-6248
          jwolfshohl@porterhedges.com
          mdearman@porterhedges.com

          *Counsel to Lehotsky Keller Cohn LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 2, 2025, a true and correct copy of the foregoing document was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

          */s/ Joshua W. Wolfshohl*
          Joshua W. Wolfshohl

17936144