**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**LEHOTSKY KELLER COHN LLP'S LIMITED OBJECTION TO PLAN AND**
**RESERVATION OF RIGHTS**
**[Relates to ECF No. 1821 & 2001]**

Lehotsky Keller Cohn LLP ("***LKC***") files this limited objection and reservation of rights (the "***Objection***") to the *First Amended Joint Chapter 11 Plan of Liquidation for Rhodium Encore LLC and Its Affiliated Debtors Proposed by Debtors and Ad Hoc Group of SAFE Parties* [ECF No. 1821] (including the plan supplement filed at ECF No. 2001 and any further supplements, the "***Plan***"), and in support of the Objection, respectfully states as follows:

**PRELIMINARY STATEMENT**

1.        LKC is not opposed in principle to the Plan, but the Plan's release and exculpation provisions inhibit LKC's right to assert claims and causes of action against the Debtors, the Special Committee, and their respective counsel related to postpetition breaches of the March 2025 Engagement Letter (as defined below) LKC's Success Fee, defamation, and sanctions.  LKC therefore objects to the Plan and reserves its rights to assert such claims and causes of action at the appropriate time in these chapter 11 cases.

---

[1] Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

18008685

**BACKGROUND**

2.      On July 8, 2025, the Court entered its *Order Granting Debtors' Application for an Updated Order Authorizing the Retention and Employment of Lehotsky Keller Cohn LLP as Special Litigation Counse*l (ECF No. 1418) (the "***Updated Retention Order***").

3.      The Updated Retention Order approved the March 4, 2025 LKC engagement letter (the "***March 2025 Engagement Letter***"), which requires the Debtors and LKC to "determine in good faith the portion of transaction value … allocable to energy credits and damages" for purposes of calculating LKC's success fee (the "***Success Fee***").

4.      As the Court is aware, the Debtors have resolved their disputes with Whinstone US Inc., and LKC's engagement as special litigation counsel has effectively concluded.  As such, and in light of the Court's issuance of the Updated Retention Order, LKC has attempted to engage with the Debtors and the Special Committee *in good faith* regarding the allocation of the Whinstone settlement payment for purposes of calculating LKC's contingency fee.

5.      On August 22, 2025, LKC filed its *Second and Final Application for Payment of Compensation and Reimbursement of Expenses for the Period August 28 through June 30, 2025* (ECF No. 1560–61) (the "***Fee Application***"), seeking payment of hourly compensation, reimbursement of reasonable expenses, and the payment of the Success Fee.

6.      On October 1, 2025, the Special Committee filed *Special Committee's Objection to Lehotsky Keller Cohn LLP's Second and Final Application for Payment of Compensation and Reimbursement of Expenses for the Period August 28, 2024 through June 30, 2025*.  ECF No. 1732.

7.      In connection with the Plan Support Agreement filed on October 7, 2025 (ECF No. 1747), the Debtors and the Ad Hoc Group of SAFE Parties filed the Plan on October 19, 2025.

2

8.      On October 28, 2025, the Debtors and the Special Committee filed the *Motion to Enforce Purchase and Sale Agreement with Whinstone U.S. Inc. Filed by the Debtors and the Special Committee* (ECF No. 1881) in which the Debtors and the Special Committee admitted that "[the] parties have determined they are unable to reach an agreement and require this Court to enforce the PSA and determine the appropriate allocation." *Id.* at 3 ¶ 9.

9.      On November 1, 2025, the Special Committee filed a *Notice of Withdrawal of Any Claim of Misconduct* (ECF No. 1930), withdrawing the Special Committee's baseless allegations that LKC had breached its fiduciary duty to the Debtors, misused or violated attorney-client privilege, committed other violations of its ethical obligations, in addition to other misconduct.

10.     The Court held a hearing on the Fee Application on November 3, 2025, which has been continued to December 3, 2025.

## LIMITED OBJECTION

11.     LKC objects to the Plan's exculpation and release provisions to the extent they limit LKC's rights to assert claims against the Debtors or the Special Committee, and their respective counsel, for postpetition breaches of the March 2025 Engagement Letter and the Updated Retention Order related to LKC's Fee Application.

12.     The Exculpated Parties include the Debtors, the Creditors' Committee, and the Independent Directors.[2]  "Released Parties" means:

> (i) the Debtors; (ii) the Wind Down Debtor; (iii) the co-Chief Restructuring Officers of the Debtors; (iv) the present and former directors, officers, and management of the Debtors, other than Imperium and the Founders; (v) the Creditors' Committee; (vi) the present and former members of the Creditors' Committee, solely in their capacities as such; (vii) the SAFE AHG; (viii) the present and former members of the SAFE AHG, including, without limitation, the Blockchain Recovery Investment Consortium ("BRIC"), solely in their capacities as such; (ix) the Independent Directors; and (x) with respect to each of the foregoing Entities in

---

[2] Each capitalized term has the meaning ascribed to it in the Plan unless defined herein.

18008685

clauses (ii) through (ix), all Related Parties; provided, however, that such Related Parties shall be Released Parties solely to the extent that any Claims or Causes of Action are asserted against them derivatively through the Entities described in clauses (i) through (ix) of the definition of Releasing Parties, below.

Plan, § 1.96.  "Related Parties" includes, without limitation, attorneys and "any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing entities."  Plan, § 1.95.  The Debtors, the Special Committee, and their respective attorneys are indisputably "Released Parties" or "Related Parties."

13.     The injunction in section 10.4 of the Plan provides that,

no entity or person may commence or pursue a Claim or Cause of Action of any kind against any Released Party or Exculpated Party that arose or arises from, in whole or in part, the Chapter 11 Cases, the Debtors, the governance, management, transactions, ownership, or operation of the Debtors, the purchase, sale or rescission of any security of the Debtors, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Plan (including the Plan Supplement), the Disclosure Statement, or any Restructuring/Liquidation Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan, the Plan Supplement, the Disclosure Statement, the Chapter 11 Cases, … or any other agreement, act or omission, transaction, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing

Plan, § 10.4.  This injunction likely covers claims and causes of action related to the March 2025 Engagement Letter, the Updated Retention Order, and LKC's Fee Application because "Claims" and "Causes of Action" are not limited to those arising prior to the Petition Date.  *See* Plan, §§ 1.15, 1.17.  Claims and causes of action related to the foregoing documents are covered because the March 2025 Engagement Letter is a "contract" or "other agreement … created or entered into in connection with the … Chapter 11 Cases".  Plan, § 10.4.

14.     Within the Plan, a "Covered Claim" is a "Claim or Cause of Action related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases … or upon

4

any other related act or omission, transaction, agreement, event, or other occurrence taking place

on or after the Petition Date and on or before the Effective Date." Plan, §

1.28.

15.     The release provision releases "the Debtors and the Released Parties from any and

all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities

whatsoever … whether known or unknown, foreseen or unforeseen, existing or hereinafter arising,

in law, equity, or otherwise, based on or relating to, any Covered Claim." Plan, § 10.5(c).

Similarly, the exculpation provision in the Plan provides that,

> no Exculpated Party shall have or incur liability for, and each Exculpated Party is
> hereby released and exculpated from, any Cause of Action or Claim, whether direct
> or derivative, related to any act or omission in connection with, relating to, or
> arising out of, in whole or in part, any Covered Claim, except for Claims or Causes
> of Action arising from an act or omission that is judicially determined in a Final
> Order to have constituted actual fraud, willful misconduct, or gross negligence, …

Plan, § 10.6.   This provision covers claims and causes of action against the Debtors or the

Independent Directors (who comprise the Special Committee), each as defined in the Plan.  While

their conduct with respect to LKC, its Success Fee, and the March 2025 Engagement Letter likely

constitutes willful misconduct, the exculpation provision could inhibit LKC's ability to preserve

its rights.

16.     The release and exculpation provisions in the Plan would deprive LKC of claims

and causes of action related to the postpetition breach of the March 2025 Engagement Letter and

potential claims for sanctions against the Debtors and the Special Committee and their respective

counsel.  LKC seeks to preserve those claims, and therefore objects to the Plan and reserves all

rights to assert such claims in this Court.  LKC does not consent to the release or exculpation

provisions in the Plan.

18008685

17.     The Debtors breached the March 2025 Engagement Letter by failing to negotiate in good faith with LKC regarding the Success Fee.  The Special Committee, apparently acting on behalf of the Debtors, aggressively, unreasonably, and destructively opposed LKC's Fee Application.  The Special Committee's sole basis for opposition to the Fee Application was that LKC had to wait on an agreed-upon tax allocation between the Debtors and Whinstone—a tax allocation that does not exist and for which the Special Committee has no evidence.  *See* ECF No. 1614 at 10 ¶ 32; ECF No. 1732 at 17 ¶ 42; and ECF No. 1881 at 3 ¶ 9.  The Special Committee's ill-advised intransigence and abusive filings have resulted in LKC attorneys spending hundreds of hours defending the firm.

18.     The Special Committee made specious and defamatory statements against LKC for breach of fiduciary duty and other misconduct, and purportedly commenced an "investigation" into LKC's conduct.  *See* ECF No. 1732 at 20–23 ¶¶ 50–59.  Yet, recognizing the frivolous nature of these baseless claims, the Special Committee withdrew them in their entirety on November 1, 2025, two days before the hearing on LKC.  *See* ECF No. 1930.

19.     LKC has incurred significant legal fees and expenses and expended substantial time defending its Fee Application solely because of the unreasonable and vexatious litigation by the Special Committee and its attorneys, on behalf of the Debtors—including their patently frivolous claims of professional misconduct, which they withdrew on the eve of trial.  *See id.*  Such claims were concocted solely to coerce and harass LKC into accepting a low-ball settlement.  These actions are abusive of the bankruptcy process and provide LKC with a strong basis to pursue claims at the appropriate time without being hindered by the Plan, which LKC does not otherwise oppose.

20.     The Special Committee baselessly objected to over 60% of LKC's hourly fees and expenses, but only by disregarding the parties' March 2025 Engagement Letter and the Court's

18008685

Updated Retention Order. The Debtors expressly agreed to pay LKC's outside legal fees for "legal advice on retention and compensation matters," (ECF No. 835 at 14), and the Special Committee cannot breach that agreement just because it is upset that LKC did not capitulate to its meritless demands. LKC's retention of and reliance on Porter Hedges was reasonable after Debtors' bankruptcy counsel mishandled LKC's initial retention application and refused to appropriately remedy the problem.  *See* ECF No. 1418 at 16 ("LKC relied on the Debtors and Debtors' bankruptcy counsel regarding the amount of information to be included about the contingent fee and it would disrupt any notion of fairness to punish LKC for following the direction and advice of the Debtors' general counsel and Debtors' experienced bankruptcy counsel.").  Likewise, the Special Committee cannot refuse to pay LKC for its time supporting the Debtors' retention application. Indeed, the Special Committee and its lawyers sought and recovered fees for similar work. *See* ECF No. 623 at 27–39 (seeking payment of invoices listing numerous entries for "retention issues," "retention application," etc.).

## RESERVATION OF RIGHTS

21.     LKC reserves all rights related to LKC's pending Fee Application and to assert claims against the Debtors, the Special Committee, or their respective attorneys related to breach of the March 2025 Engagement Letter, LKC's Success Fee, defamation, and sanctions, irrespective of the terms contained within the Plan.

## CONCLUSION

WHEREFORE, LKC respectfully requests that any confirmation order approving the Plan preserves LKC's claims and causes of action described in this Objection.

18008685

Dated: November 21, 2025
Houston, Texas

Respectfully submitted,

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX Bar No. 24038592)
Michael B. Dearman (TX Bar No. 24116270)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com

*Counsel to Lehotsky Keller Cohn LLP*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 21, 2025, a true and correct copy of the foregoing document was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

18008685