IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**LEHOTSKY KELLER COHN LLP'S OBJECTION TO THE AD HOC GROUP OF
SAFE PARTIES' NOTICE OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE
LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY**
**(Relates to ECF No. 2049)**

Lehotsky Keller Cohn LLP ("***LKC***") files this objection (the "***Objection***") to the Ad Hoc Group of SAFE Parties' (the "***SAFE AHG***") *Notice of Intent to Adduce Testimony from a Remote Location by Telephone and Video Technology* (ECF No. 2049) (the "***Notice***"), and in support of the Objection, respectfully states as follows:

**OBJECTION**

1. The SAFE AHG filed the Notice on November 26, 2025, giving notice that they "may call David Proman and/or Jordan Pietzsch to testify at the scheduled hearing or trial by telephone and video technology." *See* ECF No. 2049. The date listed for the hearing or trial is December 3, 2025. There are two hearings on December 3, 2025 in this case: the hearing on confirmation of the Debtors' chapter 11 plan and the continued hearing on LKC's *Second and Final Application for Payment of Compensation and Reimbursement of Expenses for the Period*

---

[1] Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

18021784

*August 28 through June 30, 2025* (ECF No. 1560–61) (the "*Fee Application*"). The Notice does not specify the matter or matters for which the SAFE AHG may call the listed witnesses. The SAFE AHG did not list either witness on its witnesses and exhibit list for the November 3, 2025 hearing on the Fee Application. *See* ECF No. 1909. LKC objects to the testimony by any witness the SAFE AHG may call in connection with the hearing on LKC's Fee Application that was not listed on ECF No. 1909. Further, if the Court allows the SAFE AHG to call any such witnesses at the hearing on the Fee Application, the witnesses should be required to appear in person.

2. The Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "*Local Rules*") require witness and exhibit lists to be filed by noon on the Day of Exchange listed on Table 1 in Local Rule 9013-2(m). *See* Local Rule 9013-2(c). With respect to notices of intent to adduce remote testimony, the Procedures for Complex Cases in the Southern District of Texas (the "*Complex Rules*") provide that a party must object within 3 days of the filing of the notice of intent to adduce remote testimony. *See* Complex Rule 23(b)(2).[2]

3. The SAFE AHG did not list David Proman or Jordan Pietzsch on its witness and exhibit list for the hearing on the Fee Application by 12:00 p.m. prevailing Central Time on October 30, 2025 (the Day of Exchange). The SAFE AHG should not be permitted to introduce the witnesses listed in the Notice, or any witnesses not listed on its witness and exhibit list (ECF No. 1909), at the hearing on LKC's Fee Application scheduled for December 3, 2025 at 1:00 p.m. *See* ECF No. 1989. To allow the testimony by such witnesses would be patently unfair, an affront to the Local Rules, and unjustly undermine LKC's ability to seek the relief requested in its Fee Application. LKC has already rested and closed its case in chief. To allow further changes to the

---

[2] Rule 9006(a)(1) of the Federal Rules of Bankruptcy Procedure generally dictates the computation of time periods in the Local Rules, including the Complex Rules. The deadline to object to the Notice is therefore December 1, 2025.

18021784

SAFE AHG's witness and exhibit list would be highly prejudicial to LKC. Therefore, any such witness testimony should be disallowed by the Court.

4.  If the Court allows the SAFE AHG to call David Proman and/or Jordan Pietzsch at the hearing on LKC's Fee Application, the witnesses should be required to appear in person rather than remotely. The SAFE AHG has not demonstrated that "good cause in compelling circumstances" exists to justify the remote testimony by either or both of these witnesses. Complex Rule 23(b).

Dated: December 1, 2025
Houston, Texas

Respectfully submitted,

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX Bar No. 24038592)
Michael B. Dearman (TX Bar No. 24116270)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com

*Counsel to Lehotsky Keller Cohn LLP*

**CERTIFICATE OF SERVICE**

I, Joshua W. Wolfshohl, certify that on the 1st day of December, 2025, a copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive ECF notice in the above-captioned case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

18021784