IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

In re:

Rhodium Encore LLC, et al.,

Debtors.

Case No. 24-90448 (ARP)

Chapter 11

(Jointly Administered)

United States Courts
Southern District of Texas
FILED

DEC 0 2 2025

Nathan Ochsner, Clerk of Court

OBJECTION TO CONFIRMATION OF THE SECOND AMENDED PLAN

Movant Justin R. Camara, appearing pro se, submits this Objection to confirmation of the Debtors' Second Amended Chapter 11 Plan (the "Plan").

Standing

Movant holds indirect equity interests in Debtor Rhodium Technologies, LLC through Movant's personal ownership interests in Trine Mining, LLC; Cross The River, LLC; and Elysium Mining, LLC, each of which owns equity in Rhodium Enterprises, Inc., the parent entity that owns equity in the Debtors. Movant is a "party in interest" under 11 U.S.C. § 1109(b).

I. Failure to Disclose the Special Committee's Pre-Mediation Investigation

The Debtors formed a Special Committee that conducted a months-long, estate-funded pre-mediation factual investigation. No summary, findings, or conclusions from this investigation appear in the Disclosure Statement or the Plan. The Special Committee remained active as of Dkt. 1821. The first disclosure that the Special Committee would dissolve—and that its investigation would not be presented to the Court—appeared in Dkt. 2062 filed November 30, 2025, after the objection deadline.

II. Public Fee Applications Demonstrate the Investigation's Materiality

Barnes & Thornburg LLP's fee applications (Dkts. 360, 503, 585, 728, 822, 893, 969, 1214, and 1391) reflect: (i) a months-long pre-mediation factual investigation, including forensic analysis, insider-transaction review, SAFE conversion analysis, tracing of transfers, legal research, interviews, and report drafting; (ii) estimated fees of approximately $2.4–$2.8 million; and (iii) work that predates

mediation and is not mediation content. Yet the results of this investigation are not disclosed.

### III. The Transcend Settlement Requires Rule 9019 Review

The November 19 Plan contained no treatment for Transcend. The SAFE AHG Settlement Stipulation filed November 20 (Dkt. 2006) disclosed for the first time: (i) a $10 million allowed unsecured claim; (ii) a $6.6 million guaranteed minimum recovery; and (iii) a bespoke waterfall tied to plan support. No Rule 9019 motion has been filed, and the settlement has not been separately disclosed or justified.

### IV. Complexity and Cost Reinforce the Disclosure Failures

Before filing pro se, Movant consulted a law firm referred by the UCC, which estimated that obtaining access to the Special Committee's pre-mediation investigation materials notwithstanding mediation privilege would cost approximately $125,000. This underscores both the significance of the investigation and the difficulty of addressing the issue absent adequate disclosure.

### V. Relief Requested

Movant respectfully requests that the Court: (1) require disclosure of the Special Committee investigation sufficient for review under 11 U.S.C. §§ 1125 and 1129; (2) require Rule 9019-compliant treatment of the Transcend settlement; (3) order modification or re-solicitation if necessary; and (4) grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Justin R. Camara

Justin R. Camara

Pro Se Equity Holder

Owner of Trine Mining, LLC; Cross The River, LLC; Elysium Mining, LLC

Email: jcamara@trinemining.com

Phone: 205-540-3385

Address: 11161 Anderson St, STE 105 PMB 10010

Loma Linda, CA 92354