**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RHODIUM ENCORE LLC, *et al.*,[1] | § | Case No. 24-90448 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**LEHOTSKY KELLER COHN LLP'S SUPPLEMENTAL BRIEF IN**
**SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST**
**THE SPECIAL COMMITTEE AND BARNES & THORNBURG LLP**
[Relates to ECF Nos. 2302, 2303, 2337, 2338, 2373, and 2374]

Lehotsky Keller Cohn LLP ("**LKC**") files this supplement brief in support of its *Motion for Sanctions Against the Special Committee of Rhodium Enterprises, Inc.'s Board of Directors and its Counsel Barnes & Thornburg LLP, or, in the Alternative, for Payment of Fees and Expenses Under Section 328* [ECF Nos. 2302, 2303] ("**Sanctions Motion**") and respectfully states as follows:

1.      At the status conference on the Sanctions Motion, the Special Committee argued that its "response to the sanctions motion[] raised threshold legal issues[:] Specifically, whether or not the sanctions notion is barred by the *ASARCO* ruling and the *ASARCO* opinion in the Supreme Court. Hearing Tr., Apr. 30, 2026, at 10:4-9 (citing *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121 (2015)). The Special Committee proposed "an oral argument on the *ASARCO* issue." *Id.* at

---

[1] Debtors in these chapter 11 cases and the last four digits of their corporate identification numbers are as follows: Rhodium Encore LLC (3974), Jordan HPC LLC (3683), Rhodium JV LLC (5323), Rhodium 2.0 LLC (1013), Rhodium 10MW LLC (4142), Rhodium 30MW LLC (0263), Rhodium Enterprises, Inc. (6290), Rhodium Technologies LLC (5868), Rhodium Ready Ventures LLC (8618), Rhodium Industries LLC (4771), Rhodium Encore Sub LLC (1064), Jordan HPC Sub LLC (0463), Rhodium 2.0 Sub LLC (5319), Rhodium 10MW Sub LLC (3827), Rhodium 30MW Sub LLC (4386), and Rhodium Renewables Sub LLC (9511). The mailing and service address of Debtors in these chapter 11 cases is 2617 Bissonnet Street, Suite 234, Houston, TX 77005.

18430043

10:17-18. The Court obliged, setting a non-evidentiary hearing and permitting "any additional pleadings that [the parties] want [the Court] to consider." *Id.* at 13:20-14:3. LKC submits this supplement brief addressing the purported "threshold legal issues." *Id.* at 10:4-9.

2.        The Special Committee's contention that *ASARCO* bars the Sanctions Motion is both new and contradicted by precedent. Previously, in its response brief, the Special Committee asserted only that *ASARCO* affects LKC's alternative argument for fees under Section 328, not that *ASARCO* affects sanctions. *See* ECF No. 2338 at 29 ("*ASARCO* bars LKC's attempt to collect attorneys' fees and expenses . . . *under 11 U.S.C. § 328.*" (emphasis added). The brief did not argue that the "sanctions [m]otion is barred by the *ASARCO* ruling." Hearing Tr., Apr. 30, 2026, at 10:7-9. To the contrary, the brief expressly acknowledged that this Court has "inherent authority" and "discretion" to impose sanctions, ECF No. 2338 at ¶¶ 35-38, and simply took issue with whether the Special Committee acted in bad faith, *id.* ¶ 46, a plainly factual question.

3.        Likewise, the response brief filed by Barnes & Thornburg LLP did not argue that *ASARCO* affects the availability of sanctions. Citing the opinion in only one paragraph, Barnes & Thornburg argued only that "LKC seeks sanctions instead" of "accept[ing] the rule from *ASARCO*," "the rule that costs incurred defending a fee application are not recoverable under 11 U.S.C. § 330(a)(1)." ECF No. 2337 at ¶ 3. That is irrelevant because LKC's Sanctions Motion does not rely on Section 330.  As Barnes & Thornburg recognized, the Sanctions Motion turns on "bad faith or abuse of the judicial process," *id.*, which require an assessment of the "evidence," *id.* at ¶¶ 5, 22, 26, 56, 72 (which Barnes & Thornburg then disregards, *see infra* ¶ 9).

4.        Regardless, *ASARCO* does not bar a sanctions motion. *ASARCO* itself notes that its interpretation of Section 330 does not foreclose sanctions for "frivolous objections to fee applications" and "bad-faith litigation conduct." 576 U.S. at 134 n.4.

2

18430043

5.       Accordingly, as Judge Rodriguez explained: "This Court does not read the holding in *Baker Botts* [*v. ASARCO*] as precluding this Court's ability to award attorneys' fees, including fees incurred defending a fee application, as a sanction for bad faith conduct under § 105(a). This Court, as well as the Fifth Circuit, has upheld a bankruptcy court's authority to award attorney's fees as a sanction under § 105(a) since the *Baker Botts* decision." *In re Trevino*, 648 B.R. 847, 905 (Bankr. SD Tex 2023). *ASARCO*'s "analysis focused on the express language of § 330(a)(1)," and "the Supreme Court's rationale in limiting fee awards under § 330(a)(1) is highly dependent on the specific limiting language 'services rendered' that appears in the statute." *Id.* (citation and internal quotation marks omitted).

6.       Moreover, the Supreme Court has made clear that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco*, 501 U.S. 32, 45-46 (1991) (citation and internal quotation marks omitted). Bad faith is an exception to the "so-called 'American Rule' prohibit[ing] fee shifting in most cases." *Id.* at 45. Courts "may assess attorney's fees" when "a party 'shows bad faith by delaying or disrupting the litigation.'" *Id.* at 46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689, n.14 (1978)). Contrary to the Special Committee and Barnes & Thornburg's position on *ASARCO*:

> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Id*. (quoting *Hutto*, 437 U.S. at 689, n.14) (brackets in original).

7.       The Fifth Circuit has similarly recognized that "the bankruptcy court has numerous tools by which to sanction the conduct of individuals," including "'inherent powers'" and statutory authorities, such as the All Writs Act, 28 U.S.C. § 1651, and 11 U.S.C. § 105. *In re Carroll*, 850

3

18430043

F.3d 811, 816 (5th Cir. 2017) (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996)). In *Carroll*, the Fifth Circuit affirmed a bankruptcy court's order requiring payment of attorneys' fees incurred in "responding to certain instances of . . . bad faith [and] . . . vexatious conduct," after concluding that the bankruptcy court's findings were not clearly erroneous. *Id.*; *see also Ratliff v. Stewart*, 508 F.3d 225, 235 (5th Cir. 2007) (holding that once the vexatiousness requirement is met, "*all fees thereafter bec[o]me recoverable*") (emphasis added); *In re Rodriguez*, 652 B.R. 750, 764 (Bankr. S.D. Tex. 2023) (noting sanctions "include actual damages incurred and reasonable attorney's fees" and courts "may exercise discretion and judgment in allocating litigation expenses, and may take into account its overall sense of a suit") (citation and internal quotation marks omitted).

8.      The Special Committee's newest position lacks support and, if adopted, would invite widespread abuse. Under the Special Committee's view, it could engage in bad faith behavior in fee disputes with impunity, rendering the Court powerless to impose sanctions.

9.      There is no need to envision a worst-case scenario. The facts of this case tell a grim tale—with the Special Committee and Barnes & Thornburg repeatedly and maliciously defaming LKC, peddling a fiction to the Court about a purported "agreed-upon" tax allocation that did not exist and that Debtors later admitted was "not connected to LKC at all," threatening a frivolous fiduciary-duty claim, actually filing that claim and doing it publicly for maximum damage, requesting sanctions for LKC's discovery requests, failing to appear for a deposition, failing to produce documents specifically ordered by this Court, engaging in expert ambush, and refusing to pay the fees ordered by this Court until LKC moved for contempt. *See* ECF No. 2374 at 3-4 (citations omitted). Under the Special Committee's view, this Court is powerless to stop any of that, including the fraudulent tax canard, *see also id.* ¶¶ 12-17.

4

18430043

10.     Nor is the Special Committee's more limited argument meritorious. As LKC previously explained, *ASARCO*'s interpretation of Section 330 does not apply to Section 328. *See* ECF No. 2302 at 22 n.4; ECF No. 2373 at ¶ 47. The Court's textual analysis of the phrase "actual, necessary services rendered" in Section 330, *see ASARCO*, 576 U.S. at 128 (citation and quotation marks omitted), does not control the application of a different provision lacking that phrase.

11.     LKC respectfully requests that this Court grant the Sanctions Motion.

Dated: May 28, 2026
Houston, Texas

Respectfully submitted,

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX Bar No. 24038592)
Michael B. Dearman (TX Bar No. 24116270)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com

*Counsel to Lehotsky Keller Cohn LLP*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2026, a true and correct copy of the foregoing document was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl

5

18430043